AUTO-OWNERS INSURANCE COMPANY v LYDON

Docket No. 79366. Submitted June 24, 1985, at Detroit.—Decided March 4, 1986. Leave to appeal applied for.

Defendant, Mary Ann Lydon, was severely injured in an automobile accident which occurred when an automobile in which she was a passenger and which was driven by her husband collided with an abandoned uninsured automobile. At the time of the accident, Lydon's automobile insurer was plaintiff, Auto-Owners Insurance Company. Pursuant to the insurance policy issued by plaintiff, defendant claimed and was awarded no-fault personal protection insurance benefits for economic damages. Alleging negligence on the part of both her husband and the owner of the uninsured vehicle, defendant also filed a claim for the recovery of noneconomic damages under both the residual bodily injury liability provision and the uninsured motorist provision of the policy issued by plaintiff. The policy's limits of coverage under each of those provisions were $20,000. Plaintiff paid defendant the maximum $20,000 for noneconomic damages under the residual bodily injury liability provision, but denied defendant's claim for benefits under the uninsured motorist provision. The denial was based on a set-off clause in the policy. Defendant then filed a demand for arbitration with the American Arbitration Association and plaintiff filed a complaint for declaratory relief in the Oakland Circuit Court. Both parties filed motions for summary judgment. The trial court, Richard D. Kuhn, J., entered an opinion and order denying plaintiff's motion and granting defendant's motion. The court ruled that the set-off clause was unenforceable as either ambiguous or inconsistent with the reasonable expectations of the insured. Plaintiff appeals. *Held:*

1. The circuit court erred in ruling that the set-off clause is unenforceable.

2. A set-off is not impermissible as to payments made for the

REFERENCES

Am Jur 2d, Automobile Insurance §§ 327, 328, 351-356, 368.

Effect of statutory exclusion, from personal injury protection of no-fault insurance coverage, of owner, registrant, or occupant of an insured vehicle. 27 ALR4th 176.

same type of loss. An insurance policy may provide that benefits payable for basic economic loss may be set off against benefits previously paid for the same economic loss, and that benefits payable for noneconomic or excess economic loss may be set off against benefits previously paid for the same noneconomic or excess economic loss. Since uninsured motorist coverage substitutes for residual liability coverage, an insurance contract, such as the one involved in this action, may provide that the benefits paid under one may be set off against benefits payable under the other.

3. The set-off clause does not diminish the extra coverage the Lydons purchased by choosing uninsured motorist coverage.

4. Enforcement of the set-off clause in this case does not render illusory the uninsured motorist coverage and does not defeat the reasonable expectations of the insured. There was no relevant ambiguity in the insurance policy. The set-off clause clearly precludes the payment of additional noneconomic or excess economic benefits to defendant.

Reversed.

1. INSURANCE — NO-FAULT INSURANCE.

Basic economic expenses are recoverable without regard to fault under the no-fault system in the form of statutorily mandated personal protection insurance benefits from the injured party's own no-fault insurer; an insured tortfeasor is generally liable under the no-fault system only for noneconomic loss resulting from above-threshold injuries and for excess economic loss; uninsured negligent motorists may be sued under the no-fault system for all economic loss and for above-threshold noneconomic loss (MCL 500.3101[1], 500.3105, 500.3107, 500.3135; MSA 24.13101[1], 24.13105, 24.13107, 24.13135).

2. INSURANCE — NO-FAULT INSURANCE — RESIDUAL LIABILITY INSURANCE — UNINSURED MOTORIST COVERAGE.

The no-fault act provides that each motorist must maintain residual liability insurance, in addition to personal protection insurance, to provide a source of recovery for persons suffering above-threshold injury and excess economic loss caused by the negligence of the insured; uninsured motorist coverage is not required by the act but may be purchased to provide the insured a source of recovery for excess economic loss and noneconomic loss if the tortfeasor is uninsured (MCL 500.3101[1], 500.3131; MSA 24.13101[1], 24.13131).

3. INSURANCE — NO-FAULT INSURANCE — SET-OFFS.

A no-fault insurance policy may provide that benefits payable for

basic economic loss may be set off against benefits previously paid for the same economic loss and that benefits payable for noneconomic or excess economic loss may be set off against benefits previously paid for the same noneconomic or excess economic loss; both residual liability coverage and uninsured motorist coverage provide benefits for excess economic loss and noneconomic loss, therefore, benefits paid under one may be set off against benefits payable under the other.

*Joselyn, Rowe, Jamieson, Grinnan, Hayes & Feldman, P.C.* (by *William G. Jamieson*), for plaintiff.

*Gursten, Wigod & Koltonow, P.C.* (by *Gerald E. Wigod*), for defendant.

Before: R. M. MAHER, P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. In this dispute over the payment of automobile insurance benefits, plaintiff, Auto-Owners Insurance Company, appeals from the circuit court's order granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment. We reverse.

On August 10, 1979, an automobile driven by Roger Lydon collided with an abandoned uninsured automobile. Defendant, Mary Ann Lydon, Roger Lydon's wife, was a passenger in the car driven by her husband. She sustained a severe closed head injury and reportedly suffered permanant brain damage. At the time of the accident, the Lydons' automobile insurer was plaintiff, Auto-Owners Insurance Company.

Pursuant to the automobile insurance policy, defendant claimed, and was awarded, no-fault personal protection insurance benefits for economic damages. Alleging negligence on the part of both her husband and the owner of the uninsured vehicle, defendant also filed a claim for recovery of

noneconomic damages under both the residual bodily injury liability provision[1] and the uninsured motorist provision of the policy.[2] The policy's limits of residual bodily injury liability coverage and uninsured motorist coverage were each $20,000. Plaintiff paid defendant the maximum $20,000 for noneconomic damages under the residual bodily injury liability provision, but denied defendant's claim for benefits under the uninsured motorist provision. The denial was based on the following set-off clause in the policy:

"If claim is made under Coverage D [uninsured motorist coverage] and claim is also made against any person who is an insured under the Bodily Injury Liability of the policy because of bodily injury sustained in an accident by a person who is an insured under Coverage D:

"(a) any payment made under Coverage D to or for any such person shall be applied in reduction of any amount which he may be entitled to recover from any

---

[1] "Auto-Owners Insurance Company * * *, in consideration of the payment of the premium and of the statements in the Declarations made a part hereof and subject to all the terms of this policy, agrees with the insured * * *.

"I COVERAGES

"A. BODILY INJURY LIABILITY.

"B. PROPERTY DAMAGE LIABILITY.

To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages because of

A. bodily injury or

B. property damage

neither expected nor intended from the standpoint of the insured and arising out of the ownership, maintenance or use, including the loading or unloading thereof, of the automobile."

[2] "Auto-Owners Insurance Company * * * agrees with the insured * * *.

"D. UNINSURED MOTORIST. To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured and arising out of the ownership, maintenance or use of such uninsured motor vehicle * * *."

person who is an insured under the Bodily Injury Liability; and

"(b) any payment made under the Bodily Injury Liability to or for any such person shall be applied in reduction of any amount which he may be entitled to recover under Coverage D."

Since defendant's claim under the residual bodily injury liability provision was based on an accident caused by her husband, an insured, and since the amount of residual bodily injury liability coverage and the amount of uninsured motorist coverage were the same, plaintiff argued that this set-off clause precluded defendant from obtaining an additional award under the uninsured motorist provision.

When defendant filed a demand for arbitration with the American Arbitration Association, plaintiff filed a complaint for declaratory relief in circuit court. Both parties filed motions for summary judgment. On the authority of *Bradley v Mid-Century Ins Co,* 409 Mich 1; 294 NW2d 141 (1980), the court granted defendant's motion, ruling that the set-off clause was unenforceable as "either ambiguous or inconsistent with the reasonable expectations of the insured".

The sole issue on appeal is whether the circuit court erred in ruling that the set-off clause is unenforceable. The parties agree that the controlling authority is *Bradley v Mid-Century Ins Co, supra;* they focus primarily on two of the cases consolidated in *Bradley—American Fidelity Fire Ins Co v Williams* and *Schigur v West Bend Mutual Ins Co.* 409 Mich 60 *et seq.* We find that the facts in *Williams* and *Schigur* are distinguishable from the instant facts, and we hold that the set-off clause at issue in this case is enforceable.

Prior to enactment of the no-fault act, MCL

500.3101 *et seq.;* MSA 24.13101 *et seq.,* a tortfeasor was liable for economic loss and noneconomic loss suffered by a person injured as a result of the tortfeasor's negligent ownership, maintenance or use of an automobile. Under the no-fault system, basic economic expenses (work loss and medical expenses) are recoverable in the form of statutorily mandated personal protection insurance benefits from the injured party's own no-fault insurer without regard to fault. MCL 500.3101(1), 500.3105, 500.3107; MSA 24.13101(1), 24.13105, 24.13107. An insured tortfeasor is now generally liable only for noneconomic loss resulting from above-threshold injuries and for excess economic loss. MCL 500.3135; MSA 24.13135. Uninsured negligent motorists may be sued for all economic loss and for above-threshold noneconomic loss. *Id.* Each motorist must maintain residual liability insurance, in addition to personal protection insurance, to provide a source of recovery for persons suffering above-threshold injury and excess economic loss caused by the negligence of the insured. MCL 500.3101(1), 500.3131; MSA 24.13101(1), 24.13131. Uninsured motorist coverage is not required by statute but may be purchased to provide the insured a source of recovery for excess economic loss and noneconomic loss if the tortfeasor is uninsured. See *Bradley, supra,* pp 61-62. See also *Ouellette v Kenealy,* 424 Mich 83; 378 NW2d 740 (1985).

In *Williams* and *Schigur,* the insureds were involved in accidents with negligent uninsured motorists. The insureds had each purchased a standard no-fault policy and had paid an additional premium for uninsured motorist coverage. Relying on a set-off clause in the policies, the insurers deducted personal protection insurance benefits paid to the insureds from the amounts

payable to them under their uninsured motorist coverage for noneconomic loss.[3]

The Supreme Court found that, if the set-off clause were enforced in the manner the insurers sought, payment of statutorily required personal protection insurance benefits (*i.e.,* basic economic benefits) could reduce or eliminate voluntarily purchased uninsured motorist coverage for noneconomic and excess economic loss. The Court rejected this construction of the set-off clause:

"One who has purchased uninsured motorist coverage would not expect to collect twice for the same economic loss and the insurer prevents this from happening through the set-off clause. But neither would he expect to have his uninsured motorist coverage reduced or eliminated altogether because of other coverage he has purchased. He would expect, even in the face of the set-off clause, that amounts paid by the insurer for economic loss would not reduce the amount payable for noneconomic or excess economic lost." 409 Mich 63.

The Court held that the set-off clause was not enforceable to the extent that it would permit the insurer to deduct no-fault personal protection insurance benefits from the amount otherwise recoverable for noneconomic and excess economic loss under uninsured motorist coverage. *Bradley, supra,* p 23. The Court concluded that,

"A contrary holding would tend to make the coverage illusory and defeat the reasonable expectations of insureds and the policy of the no-fault act to distinguish

[3] The set-off clause in *Williams* and *Schigur* provided,

"In consideration of the insurance afforded under section I of this endorsement and the adjustment of applicable rates any amount payable under the protection against uninsured motorists (family protection) coverage shall be reduced by the amount of any personal protection benefits paid or payable under this or any other automobile insurance policy because of bodily injury to an eligible insured person." 409 Mich 60.

between economic and noneconomic loss." 409 Mich 65-66.

In *Williams* and *Schigur,* the impermissible set-off was between no-fault personal protection insurance (*i.e.,* basic economic) benefits and uninsured motorist coverage for noneconomic loss. Under *Williams* and *Schigur,* set-off is not impermissible as to payments made for the same type of loss: "[T]he insurer should be permitted a set-off only to the extent a recovery duplicates benefits it has already paid." 409 Mich 63. Thus, an insurance policy may provide that benefits payable for basic economic loss may be set off against benefits previously paid for the same economic loss, and that benefits payable for noneconomic or excess economic loss may be set off against benefits previously paid for the same noneconomic or excess economic loss.

In the instant case, the disputed set-off is between residual bodily injury liability coverage and uninsured motorist coverage. Both residual liability coverage and uninsured motorist coverage provide benefits for excess economic loss and noneconomic loss. As noted by the Supreme Court in *State Farm Ins Co v Davidson,* another of the cases consolidated in *Bradley,*

"In the no-fault system uninsured motorist coverage is a substitute for residual liability insurance. It provides some compensation in cases where the victim has suffered severe (above-the-threshold) injuries and there is no residual liability coverage to provide compensation for pain and suffering and excess economic loss." 409 Mich 52.

Since uninsured motorist coverage substitutes for residual liability coverage, an insurance contract

may provide that benefits paid under one may be set off against benefits payable under the other.

Defendant objects that plaintiff collects two separate premiums for two different coverages and yet, by virtue of the set-off clause, permits an insured to collect under only one coverage. But the set-off clause does not diminish the extra coverage the Lydons purchased by choosing uninsured motorist coverage. Not uncommonly in cases where uninsured motorist coverage has been purchased, *either* a residual liability provision *or* the uninsured motorist provision applies. If the insured driver is injured in an automobile accident with an insured tortfeasor, the injured person recovers above-threshold noneconomic damages and excess economic damages from the tortfeasor's residual liability coverage. If the tortfeasor is uninsured, the injured person recovers those damages from his or her own uninsured motorist coverage. Thus, payment of an additional premium for uninsured motorist coverage provides additional insurance coverage. To invalidate the set-off clause in this case and to allow defendant to recover in full under both provisions would result in the double recovery of identical (*i.e.,* noneconomic and excess economic) benefits merely because defendant's husband was negligent along with the uninsured motorist. Under *Bradley,* the set-off clause, which is designed to avoid this duplication of benefits, is not unenforceable.

We further note that, if the Lydons had elected to purchase greater uninsured motorist coverage, enforcement of the set-off clause would still have reduced defendant's uninsured motorist benefits by only $20,000. Her noneconomic and excess economic damages exceeding $20,000 would have been recoverable up to the limit of the uninsured motorist coverage.

In contrast to *Williams* and *Schigur,* enforcement of the set-off clause in this case does not render illusory the uninsured motorist coverage and does not defeat the reasonable expectations of the insured. Nor are we persuaded of any relevant ambiguity in the insurance policy. The set-off clause clearly precludes the payment of additional noneconomic or excess economic benefits to defendant.

We recognize that defendant's noneconomic loss may greatly exceed the $20,000 maximum coverage provided by the insurance policy. While we regret the indisputable inadequacy of any compensation for defendant's injuries, we are compelled to reverse the trial court and to hold that the set-off clause is enforceable.

Reversed. No costs.