SCHROEDER v FARMERS INSURANCE EXCHANGE

Docket No. 92839. Submitted July 29, 1987, at Detroit. Decided
October 22, 1987.

Plaintiff, Frederick C. Schroeder, sustained personal injuries in
an automobile accident. The liability insurer of the other party
to the collision paid plaintiff $20,000, which was the full
amount of coverage afforded by that policy's limits. That
amount was insufficient to fully compensate plaintiff for his
losses, therefore, he sought recovery against the $30,000 limit
of uninsured motorists coverage provided by his own policy
with defendant, Farmers Insurance Exchange. Defendant as-
serted a setoff for $20,000 and remitted the amount of $10,000.
The dispute was submitted to arbitration and the arbitrator
construed the policy to afford defendant a $20,000 setoff and
determined that defendant's liability to plaintiff was $10,000.
Plaintiff, individually and as next friend of Laura and Joelle
Schroeder, then brought a motion to vacate the arbitration
award in the Wayne Circuit Court. The circuit court, Richard
C. Kaufman, J., denied plaintiff's motion and confirmed the
arbitrator's award. Plaintiff appealed.

The Court of Appeals held:

The setoff provision of the insurance contract is not ambigu-
ous where the endorsement to plaintiff's policy designates
defendant's liability as the excess of the $30,000 underinsured
motorists coverage over the amount of coverage available from
the third party. The explicit terms of this provision preclude
the reasonableness of any contrary expectation on the part of

REFERENCES

Am Jur 2d, Arbitration and Award §§ 29-31, 146 et seq.

Am Jur 2d, Automobile Insurance §§ 327, 328, 336-338.

Uninsured motorist endorsement: validity and enforceability of
policy provision purporting to authorize deduction of no-fault
benefits from amounts payable under uninsured motorist endorse-
ment. 20 ALR4th 1104.

Insured's right to bring direct action against insurer for uninsured
motorist benefits. 73 ALR3d 632.

Uninsured motorist insurance: Validity and construction of "other
insurance" provisions. 28 ALR3d 551.

the plaintiff. The arbitrator properly construed the policy and its endorsement.

Affirmed.

1. INSURANCE — UNINSURED MOTORIST INSURANCE — SETOFFS.

An insurance contract may provide that, since uninsured motorist coverage substitutes for residual liability coverage, benefits paid under one may be set off against benefits payable under the other.

2. ARBITRATION — APPEAL — INSURANCE.

An arbitration award made pursuant to an insurance policy may be affirmed where the arbitrator does not commit a material error in contravention of controlling legal principles or exceed his power by refusing to enforce the insurance contract involved.

*Law Offices of Benner & Bilicki* (by *Mark E. Boegehold*), for plaintiff.

*Collins, Douglass & Cory* (by *Peter J. Collins*), for defendant.

Before: GRIBBS, P.J., and D. E. HOLBROOK, JR., and N. J. LAMBROS,* JJ.

PER CURIAM. Plaintiff appeals from the circuit court order which denied his motion to vacate an arbitration award and confirmed the same award. The arbitration resulted in a determination that the liability of defendant, plaintiff's automobile insurance carrier, was limited to $10,000 for a claim made by plaintiff pursuant to the uninsured motorists coverage of his policy. We affirm.

Plaintiff sustained personal injuries in an automobile accident. The liability insurer of the other party to the collision paid plaintiff $20,000, which was the full amount of coverage afforded by that policy's limits. Since this amount was insufficient to fully compensate plaintiff's losses, plaintiff

* Circuit judge, sitting on the Court of Appeals by assignment.

sought recovery against the $30,000 limit of uninsured motorists coverage provided by his own policy. Defendant asserted a setoff for $20,000 against the $30,000 uninsured motorists coverage and remitted the amount of $10,000.

The issue was submitted to arbitration. The neutral arbitrator construed the policy to afford defendant a $20,000 setoff and determined that defendant's liability to plaintiff was $10,000.

It may have been unclear whether the uninsured motorists provision contained in the original policy issued to the plaintiff afforded benefits in the event of an accident with a vehicle carrying residual liability coverage in an amount less than the limits of the uninsured motorists coverage. Generally, uninsured coverage, as distinguished from underinsured coverage, is applicable only when the insured is involved in an accident with a driver having no residual liability coverage. See *St Bernard v DAIIE,* 134 Mich App 178; 350 NW2d 847 (1984). However, any ambiguity in this respect was resolved by the addition of the following endorsement to plaintiff's policy, which afforded plaintiff underinsured motorists coverage:

> The definition of "Uninsured Motor Vehicle" under the Uninsured Motorist Coverage is amended to include a motor vehicle where there is bodily injury liability insurance or an applicable bond at the time of accident, but in amounts less than the limits carried by the insured under Uninsured Motorists Coverage.
> Limits of Liability
> The amount of bodily injury coverage provided under the Uninsured Motorists Coverage of this policy shall be reduced by the amount of any other bodily injury coverage available to any party held to be liable for the occurrence.

Plaintiff argues that the reduction for the $20,-

000 received from the liability insurer of the third-party tortfeasor should be applied to plaintiff's aggregate damages for which the third party is liable, not to the policy limits of plaintiff's uninsured/underinsured coverage. If plaintiff's contention is correct, then plaintiff would be entitled to the full $30,000, assuming that damages for his losses equaled or exceeded the combined coverages of $20,000 from the third-party tortfeasor's liability insurer and $30,000 from his own insurer. We think this argument is a strained reading of the terms of the endorsement, which deducts the setoff directly from "[t]he amount of bodily injury coverage provided under the Uninsured Motorists Coverage of this policy." Plaintiff's reliance on *Michigan Mutual Liability Co v Karsten,* 13 Mich App 46, 50-52; 163 NW2d 670 (1968), lv den 381 Mich 792 (1968), is misplaced because the setoff provision in that case was deemed ambiguous. The setoff there applied to "[a]ny amount payable" under the uninsured motorists provision, which this Court deemed was ambiguous and construed as the total amount of damages sustained by the plaintiff. No such ambiguity exists here, where the endorsement designates defendant's liability as the excess of the $30,000 underinsured motorists coverage over the amount of coverage available from the third party. Likewise, the explicit terms of this provision preclude the reasonableness of any contrary expectation on the part of the insured. *Auto-Owners Ins Co v Lydon,* 149 Mich App 643; 386 NW2d 628 (1986), lv den 428 Mich 887 (1987). "Since uninsured motorist coverage substitutes for residual liability coverage, an insurance contract may provide that benefits paid under one may be set off against benefits payable under the other." *Id.,* pp 650-651. Cf. *Bradley v Mid-Century Ins Co,* 409 Mich 1, 60-66; 294 NW2d 141 (1980).

We conclude that the arbitrator properly construed the policy and its endorsement and correctly decided that defendant was entitled to set off the $20,000 paid by the liability insurer against the $30,000 uninsured motorists coverage. Therefore, it cannot be said that the arbitrator committed a material error in contravention of controlling legal principles or exceeded his power by refusing to enforce the insurance contract. *DAIIE v Gavin*, 416 Mich 407; 331 NW2d 418 (1982); *St Bernard, supra,* pp 183-185, 189. In view of our decision, we need not express an opinion on defendant's alternative contention that the procedure used in the circuit court did not conform with MCR 3.602.

Affirmed.