(789 P.2d 563)

No. 63,864

DARLENE E. STEWART, *Appellant,* v. VAYDA CAPPS, *Defendant,* and AMERICAN STATES INSURANCE CO., *Appellee.*

Opinion filed March 30, 1990.

*Mark D. Lewis* and *Edward M. Boyle,* of Payne & Jones, Chartered, of Overland Park, for appellant.

*Hal Pierce* and *Linda S. Trout,* of Couch, Strausbaugh & Pierce, Chtd., of Overland Park, for appellee.

*Gerald W. Scott,* of Topeka, for *amicus curiae* Kansas Trial Lawyers Association.

Before REES, P.J., DAVIS and ELLIOTT, JJ.

ELLIOTT, J.: Plaintiff Darlene Stewart appeals from the summary judgment granted American States Insurance Company (ASIC) regarding uninsured motorist benefits. The trial court validated ASIC's policy provision which provided that any amounts otherwise payable under uninsured motorist coverage would be

reduced by all sums paid under the liability coverage of the policy.

We reverse and remand for further proceedings.

The facts are relatively simple and essentially uncontroverted. Plaintiff Stewart was a passenger in a car owned and driven by ASIC's insured, Vayda Capps. The car was forced off the road by a vehicle which was neither identified nor located. Plaintiff Stewart was injured in the accident.

Stewart sued Capps and ASIC as Capps' uninsured motorist carrier, alleging negligence on the part of the drivers of both vehicles and claiming damages in excess of $10,000. The policy defined "uninsured motor vehicle" to include a hit and run vehicle whose owner/operator cannot be identified and which hits "your covered auto." Stewart is a "covered person" under ASIC's uninsured motorist coverage as a person occupying the covered auto.

Stewart settled with Capps for the $25,000 policy limits under the liability coverage of the policy and proceeded against ASIC under the uninsured motorist coverage for an additional $25,000.

We note that our reading of the record does not reveal any determination of the extent of Stewart's damages.

The trial court granted ASIC's summary judgment motion and Stewart appeals. Our review of the trial court's conclusion of law is, of course, unlimited. *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

K.S.A. 40-284 mandates that all automobile liability policies provide uninsured motorist coverage in an amount equal to the liability coverage in the policy. The purpose of uninsured motorist coverage is to compensate the innocent victim who is injured by an uninsured motorist. *Patrons Mutual Ins. Ass'n v. Norwood*, 231 Kan. 709, 715-16, 647 P.2d 1335 (1982). In addition, the uninsured motorist statute should be liberally construed to fulfill its intended purpose. *Van Hoozer v. Farmers Insurance Exchange*, 219 Kan. 595, Syl. ¶ 2, 549 P.2d 1354 (1976).

K.S.A. 40-284(e) lists permitted exclusions and limitations to the mandated uninsured motorist coverage; the list does not contain the offsetting clause present in the ASIC policy.

The specific question here presented has not been decided in Kansas, so we must look elsewhere for analogous case law. And,

we recognize the legislature is capable of responding to our holding in the present case.

For example, our Supreme Court in *Van Hoozer v. Farmers Insurance Exchange*, 219 Kan. 595, voided a policy provision which reduced uninsured motorist coverage by the amount of workers compensation benefits received. In response, the legislature amended 40-284 to specifically permit such a provision. L. 1981, ch. 191, § 1.

We find the cases upon which ASIC relies to be unpersuasive. For example, *Duran v. Hartford Ins. Co.*, 157 Ariz. 125, 127, 755 P.2d 430 (Ct. App. 1988), involved a single car accident, and the court specifically recognized that different rationales and different public policy considerations operate in cases in which injury is caused by two negligent drivers. And, *Auto-Owners Ins. v. Lydon*, 149 Mich. App. 643, 648, 386 N.W.2d 628 (1986), was decided at a time when uninsured motorist coverage was not statutorily required in Michigan.

*State Farm Mut. Auto. Ins. Co. v. Herron*, 71 Cal. App. 3d 673, 139 Cal. Rptr. 575 (1977), is also distinguishable in that the setoff provision there involved was specifically authorized by statute. 71 Cal. App. 3d at 677. Further, the court acknowledges that an injured passenger can file a tort claim against the negligent driver of her car and also, as an insured under the driver's uninsured motorist coverage, file a claim against the driver's insurer for the negligence of the uninsured motorist. 71 Cal. App. 3d at 678.

In the present case, given the legislature's response to *Van Hoozer*, we are persuaded that if the setoff provision in ASIC's policy is to be valid and enforceable, it must join the laundry list of exclusions set out in K.S.A. 40-284, along with the permitted "limitations" to the extent that workers compensation benefits and personal injury protection benefits apply.

Because uninsured motorist coverage compensates for the liability of the uninsured motorist, and not the liability of plaintiff's driver Capps, the setoff provision in the ASIC policy operates as a limitation on how much Stewart can collect as a result of the alleged negligence of the uninsured motorist. This appears to us to be contrary to the uninsured motorist coverage mandated by statute. For example, see *Welch v. Hartford Casualty Ins. Co.*,

221 Kan. 344, 350, 559 P.2d 362 (1977), where the Supreme Court held the injured insured was entitled to recover the same amount he or she would have recovered had the offending uninsured motorist been insured ("stacking" case).

We find the reasoning of *Spain v. Valley Forge Ins. Co.*, 152 Ariz. 189, 731 P.2d 84 (1987) (en banc), persuasive. *Spain* and the present case are factually similar. There, as here, a passenger was injured (in *Spain* the passenger died) in an accident with a second car operated by an uninsured motorist. There, it was stipulated that both drivers were negligent; here, Stewart alleged that both drivers were negligent. There, as here, the insurance policies provided that sums paid under the liability coverage reduce the limit of liability under the uninsured motorist coverage.

The Arizona Court of Appeals ruled in favor of the insurance company, validating the policy provision offsetting the available uninsured coverage by amounts already recovered under the liability coverage of the same policy. *Spain v. Valley Forge Ins. Co.*, 152 Ariz. 185, 731 P.2d 80 (Ct. App. 1985).

The Arizona Supreme Court reversed, noting that the Arizona courts had also invalidated setoff provisions reducing amounts payable under uninsured motorist coverage by amounts paid under workers compensation. 152 Ariz. at 193. We feel the public policy rationale stated in *Spain* is applicable in Kansas:

"The [uninsured motorist] statute establishes a public policy that every insured is entitled to recover under his or her [uninsured motorist] coverage the damages he or she would have been able to recover from a negligent uninsured driver had that driver maintained a policy of liability insurance with a solvent company." 152 Ariz. at 192.

Accordingly, we hold that where uninsured motorist coverage equals the limit of liability coverage as in the present case and as contemplated by K.S.A. 40-284, plaintiff Stewart, as a covered passenger, has available the total of the two in the event of an accident involving two allegedly negligent drivers. ASIC's attempt to reduce or dilute this coverage is void and unenforceable as against public policy. See 1 Widiss, Uninsured and Underinsured Motorist Insurance § 14.6 (2d ed. 1987).

We emphasize the uninsured motorist statute could, but does not, authorize the offset claimed by ASIC and contained in its policy.

The trial court erred in granting summary judgment in favor of ASIC.

Reversed and remanded for further proceedings consistent with this opinion.