No. 63,864 ■

DARLENE E. STEWART, *Appellant*, v. VAYDA L. CAPPS and
AMERICAN STATES INSURANCE COMPANY, *Appellees*.

(802 P.2d 1226)

Opinion filed December 7, 1990.

*Edward M. Boyle*, of Payne & Jones, Chartered, of Overland Park, argued the cause and *Mark D. Lewis*, of the same firm, was with him on the briefs for appellant.

*Linda S. Trout*, of Couch, Strausbaugh, Pierce & King, Chartered, of Overland Park, argued the cause, and *Hal Pierce*, of the same firm, was with her on the briefs for appellee.

*Gerald W. Scott*, of Wichita, was on the brief for *amicus curiae* Kansas Trial Lawyers Association.

The opinion of the court was delivered by

LOCKETT, J.: Plaintiff Darlene Stewart appealed the district court's grant of summary judgment after it determined that the

American States Insurance Company (ASIC) policy provision which provided that any amounts otherwise payable under uninsured motorist coverage would be reduced by all sums paid under the liability coverage of its policy. The Court of Appeals reversed. Subsequently, the Court of Appeals revised its original opinion and eliminated language which prohibited Stewart from receiving duplicate damages under the policy. 14 Kan. App. 2d 356, 789 P.2d 563 (1990). We granted ASIC's petition for review.

The facts are not in dispute. Stewart, a passenger in the automobile owned and operated by Vayda Capps, was injured in an automobile accident on November 7, 1987. Capps was insured under a policy issued by ASIC. The insurance policy had limitations of $25,000 per person with $50,000 per accident under the bodily injury coverage, and similar limits of $25,000 per person with $50,000 per accident policy limits for the uninsured motorist coverage.

Stewart claimed the accident was caused by the negligence of Capps and an unidentified driver who forced Capps' vehicle off the road. Stewart brought this action against Capps and ASIC. Stewart's negligence claim against Capps was settled by ASIC within the policy's $25,000 liability coverage. After Stewart filed the action, ASIC filed a motion for summary judgment, claiming under the terms of its insurance contract with Capps that payment for Capps' liability should be set off against the amount of compensation due for the negligence of the uninsured motorist. After determining that there was no factual dispute, the trial court found that (1) the language of the insurance contract was clear and unambiguous and (2) the policy provisions allowing the setoff were valid and enforceable and granted summary judgment. Stewart appealed.

On appeal, the Court of Appeals, in reversing the district court, found that the setoff provision in the liability and the uninsured motorist sections of the policy was void and unenforceable as it violated K.S.A. 40-284 and was against public policy. In addition, when remanding the matter back to the district court the Court of Appeals instructed the district court that (1) if Stewart's damages are established at no more than $25,000, she takes nothing under the uninsured motorist coverage, because she will have been fully indemnified by the liability coverage of Capps' and (2)

if Stewart's damages are in excess of $25,000, Stewart may recover up to the $25,000 limit under the uninsured motorist coverage.

Because the instructional language in the Court of Appeals' opinion appeared to reinstate joint and several liability law, Stewart filed a motion for reconsideration. The Court of Appeals granted the motion for reconsideration and without oral argument deleted the instructional language in the opinion as unnecessary surplus. ASIC seeks review, claiming (1) the Court of Appeals improperly reversed the district court and (2) its elimination of the language in its original opinion allows Stewart to receive duplicate payments.

Since the facts are undisputed and the trial court's decision was a question of law, this court's review is unlimited. *U.S.D. No. 352 v. NEA-Goodland,* 246 Kan. 137, 140, 785 P.2d 993 (1990). To determine the answer, it is necessary to review the legislative history of uninsured motorist coverage in Kansas. In 1981, the Kansas Legislature determined that uninsured motorist coverage would become mandatory, but allowed the coverage to be rejected if requested. Currently, the Automobile Injury Reparations Act requires minimum coverage for the uninsured motorist of $25,000 per person and $50,000 per accident and lists fourteen exclusions or limitations of coverage in K.S.A. 40-3107(e), (h), (i).

"The purpose of legislation mandating the offer of uninsured motorist coverage is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages. [Citation omitted.] As remedial legislation it should be liberally construed to provide the intended protection." *Winner v. Ratzlaff,* 211 Kan. 59, 63-64, 505 P.2d 606 (1973). See *Van Hoozer v. Farmers Insurance Exchange,* 219 Kan. 595, 600, 549 P.2d 1354 (1976); *Forrester v. State Farm Mutual Automobile Ins. Co.,* 213 Kan. 442, Syl. ¶¶ 1-3, 517 P.2d 173 (1973).

Although K.S.A. 40-284 was amended in 1988, this amendment is not pertinent to this case. For a more detailed discussion of the development of uninsured motorist insurance, see 1 Widiss, Uninsured and Underinsured Motorist Insurance, ch. 1 (2d ed. 1987).

Stewart contends a setoff authorized in the liability section of the insurance contract cannot be used by ASIC to reduce the benefits required by statute in the uninsured motorist coverage. She argues that the setoff agreement in the liability coverage portion of ASIC's insurance contract is actually an additional exclusion or limitation to the uninsured motorist coverage which is not authorized in K.S.A. 1989 Supp. 40-284(e).

The setoff provision of ASIC's insurance contract states:

"Any payment under this coverage to or for a covered person will reduce any amount that person is entitled to recover under the Liability Coverage of this policy."

Similar language is contained in both the liability coverage and the uninsured motorist coverage sections of the insurance contract.

K.S.A. 40-284(a), which governs the terms of coverage provided by the policy, states:

"No automobile liability insurance policy covering liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this state . . . unless the policy contains or has endorsed thereon, a provision with coverage limits *equal to the limits of liability coverage for bodily injury or death* in such automobile liability insurance policy sold to the named insured for payment of part or all sums which the insured or the insured's legal representative shall be legally entitled to recover as damages from the uninsured owner or operator of a motor vehicle because of bodily injury, sickness or disease, including death, resulting therefrom, sustained by the insured, caused by accident and arising out of ownership, maintenance or use of such motor vehicle, or providing for such payment irrespective of legal liability of the insured or any other person or organization."

The dispute centers on whether the setoff provision in the insurance contract is contrary to the exceptions or limitations authorized by K.S.A. 40-284(e), which provides:

"Any insurer may provide for the exclusion or limitation of coverage:
"(1) When the insured is occupying or struck by an uninsured automobile or trailer owned or provided for the insured's regular use;
"(2) when the uninsured automobile is owned by a self-insurer or any governmental entity;
"(3) when there is no evidence of physical contact with the uninsured motor vehicle and when there is no reliable competent evidence to prove the facts of the accident from a disinterested witness not making claim under the policy;

"(4) to the extent that workers' compensation benefits apply;
"(5) when suit is filed against the uninsured motorist· without notice to the insurance carrier; and
"(6) to the extent that personal injury protection benefits apply."

ASIC claims that its setoff provisions are merely general terms of the insurance policy, similar to a territory or time limitation of the policy, and not an exception or exclusion to the mandatory uninsured motorist coverage. ASIC points out that time period terms and territorial limitations are accepted without legal disputes. But see 1 Widiss, Uninsured and Underinsured Motorist Insurance § 2.8.

ASIC argues Capps, the policyholder, bargained for a $25,000 per person limit; therefore, the total amount of coverage under the policy to compensate Stewart for her injuries caused by Capps and the uninsured motorist is $25,000. It reasons that providing Stewart with $25,000 coverage under the liability coverage and the uninsured motorist coverage of the insurance contract actually allows her access to $50,000 rather than the $25,000 coverage purchased. Stewart points out that ASIC charged Capps two separate premiums, $43.10 for the bodily injury liability coverage and $4.20 for the uninsured motorist protection. Stewart notes both the bodily injury section and uninsured motorist section of ASIC's contract provided limits of $25,000 per person and $50,000 per accident.

For authority to support its position that the setoff clause is valid, ASIC cites cases from other jurisdictions, including cases from California where the exclusions being reviewed were specifically allowed by that state's uninsured motorist act. See *Criterion Ins. Co. v. Welish*, 167 Cal. App. 3d 62, 212 Cal. Rptr. 882 (1985); *State Farm Mut. Auto. Ins. Co. v. Herron*, 71 Cal. App. 3d 673, 139 Cal. Rptr. 575 (1977).

The Court of Appeals noted several of the cases cited by ASIC involve underinsurance issues, single tortfeasor accidents, and single tortfeasor accidents coupled with the issue of stacking insurance coverage. An example is ASIC's reliance on *Poehls v. Guaranty Nat. Ins. Co.*, 436 N.W.2d 62 (Iowa 1989). The issue was duplication of liability coverage. After a one-car accident, the negligent driver attempted to supplement his liability coverages by use of his uninsured motorist coverage, which was denied as

an attempt to duplicate liability coverage with the uninsured motorist coverage.

Also cited by ASIC is *Duran v. Hartford Ins. Co.*, 157 Ariz. 125, 755 P.2d 430 (Ct. App. 1988). Again, *Duran* was a one-car accident with one person at fault. In *Duran*, the Arizona court, after finding that the setoff provisions of the liability limits against the underinsured motorist limits were valid, distinguished *Duran* from its earlier holding in *Spain v. Valley Forge Ins. Co.*, 152 Ariz. 189, 731 P.2d 84 (1987). Pointing out the dissimilarity in the facts, the *Duran* court noted that *Spain* involved two separate tortfeasors and the application of public policy considerations providing protection from the risk of injury by uninsured motorists. The reasoning of *Spain* did not apply to a single tortfeasor situation. *Duran*, 157 Ariz. at 127.

We agree with the caveat expressed by the *Duran* court that different rationales and different public policy considerations are employed depending on the facts of an automobile insurance case. We also agree with the Court of Appeals' analysis that the cases relied upon by ASIC are not persuasive.

The Court of Appeals found the rationale of the Arizona Supreme Court in *Spain* persuasive. In *Spain*, the passenger was injured in an accident where both the host driver and the uninsured motorist were negligent. The issue in *Spain*, like our issue, was whether the insurance policy setoff provisions that the sums paid under the liability coverage reduced the amount of liability under the uninsured motorist coverage were valid. Though the Arizona Court of Appeals approved the setoff provision, the Arizona Supreme Court reversed that decision, noting that the Arizona courts had previously invalidated similar contract setoff provisions which had reduced amounts payable under the uninsured motorist coverage by amounts paid under workers compensation. *Spain*, 152 Ariz. at 193. The *Spain* court explained its rationale, stating:

"The [uninsured motorist] statute establishes a public policy that every insured is entitled to recover under his or her [uninsured motorist] coverage the damages he or she would have been able to recover from a negligent uninsured driver had that driver maintained a policy of liability insurance with a solvent company." *Spain*, 152 Ariz. at 192.

The Court of Appeals found the Arizona Supreme Court decision in *Spain* compatible with the trend toward invalidating limit-of-liability provisions which allow insurers to reduce limits of mandated coverage by setoff provisions similar to ASIC's. 1 Widiss, Uninsured and Uninsured Motorist Insurance § 14.6.

The statutory provisions of K.S.A. 40-284(e), which governs the terms of the automobile policy, are incorporated into the coverage and preempt any terms or clause of a policy that have a contrary meaning. See *Simpson v. Farmers Ins. Co.*, 225 Kan. 508, 511, 592 P.2d 445 (1979). K.S.A. 40-284 is to be liberally construed to carry out its remedial objectives to provide financial protection to the named insured for injuries caused by a negligent uninsured motorist. Any term of an insurance policy that limits the statutorily required uninsured motorist coverage must be strictly construed.

The Kansas uninsured motorist statute and an insurer's attempt to reduce the liability limits by a provision in its insurance policy are discussed in *Van Hoozer v. Farmers Insurance Exchange*, 219 Kan. 595. In *Van Hoozer*, the insurance contract contained a provision reducing the amount to be paid for the uninsured motorist coverage by any workers compensation benefits recovered by the insured. We struck down that provision of the policy as an unauthorized attempt to limit or dilute the statutory mandated coverage. In response to *Van Hoozer*, the legislature amended 40-284(e) to permit setoffs to uninsured motorist coverage to the extent an insured receives workers compensation benefits as an indemnity for the injury.

Here, the principal setoff provision is not an alternative compensation system similar to workers compensation nor is it compatible with the principle of indemnification. Following our rationale in *Van Hoozer*, we agree with the Court of Appeals that if a setoff provision is to be valid and enforceable, it must be an exclusion set out in K.S.A. 40-284(e).

The Court of Appeals correctly determined that ASIC's reasoning is flawed. The setoff contained in American States' policy is not one of the enumerated limitations set forth in K.S.A. 40-284(e) and such setoff, therefore, is broader than is authorized and is unenforceable. Insurance policy provisions which purport

to condition, limit, or dilute the broad, unqualified uninsured motorist coverage mandated by K.S.A. 40-284 are void and unenforceable. *Simpson v. Farmers Ins. Co.*, 225 Kan. 508, Syl. ¶ 2; *Van Hoozer*, 219 Kan. 595,. Syl. ¶ 3; *Clayton v. Alliance Mutual Casualty Co.*, 212 Kan. 640, Syl. ¶ 1, 512 P.2d 507 (1973). Where uninsured motorist coverage in an automobile liability policy is purchased pursuant to K.S.A. 40-284, an injured covered passenger has available the total of the liability and uninsured motorist coverage limits in the event of an accident involving his or her negligent driver and a negligent uninsured driver. The injured covered passenger may recover proven damages up to the combined limits of the liability and uninsured motorist coverages.

ASIC's final contention is that the Court of Appeals, by eliminating the instructional language from its original opinion, allows Stewart to collect duplicate damages. We disagree. The issues in the original appeal were whether the trial court erred in finding that the setoff provision in the insurance contract was valid and whether the district court's grant of summary judgment to ASIC was proper. The Court of Appeals' modified decision answers those questions. The decision of the Court of Appeals to eliminate the language from its original opinion was correct.

The Court of Appeals' reversal of the district court's grant of summary judgment is affirmed. The judgment of the district court is reversed.

ABBOTT, J., not participating.