PARKER v NATIONWIDE MUTUAL INSURANCE COMPANY

Docket No. 119769. Submitted December 19, 1990, at Detroit. Decided April 2, 1991, at 9:05 A.M.

Ronald J. Parker, as personal representative of the estate of Ronald S. Parker, deceased, brought an action in the Macomb Circuit Court against Nationwide Mutual Insurance Company, seeking the $100,000 maximum coverage for underinsured motorist benefits under the defendant's no-fault insurance policy after he obtained consent judgments totaling $180,000 against an intoxicated motorist who struck and killed the decedent and the dramshop who served the motorist. The court, Raymond R. Cashen, J., granted summary disposition for the defendant, ruling that the claim was barred by a setoff provision in the policy endorsement for underinsured motorist coverage. The plaintiff appealed.

The Court of Appeals *held:*

The trial court did not err in determining that the plaintiff's claim was subject to setoff. The setoff provision clearly and unambiguously provided that the amount of underinsured motorist coverage was to be reduced by any amounts paid by or for any liable parties, not merely underinsured motorists.

Affirmed.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull, P.C.* (by *Frank Krycia*), for the plaintiff.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Charles A. Huckabay*), for the defendant.

Before: Gribbs, P.J., and MacKenzie and Jansen, JJ.

Per Curiam. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff's decedent died as a result of injuries sustained in a motor vehicle accident. Plaintiff subsequently filed suit against the operator of the vehicle which struck the decedent and the dramshop which had served the driver. Plaintiff eventually settled with both parties. Consent judgments in the amount of $20,000 against the driver and $160,000 against the dramshop were entered.

Plaintiff's decedent was insured under a no-fault insurance policy issued by defendant. The policy included an endorsement providing uninsured motorist coverage, and a further endorsement extending uninsured motorist coverage to personal injuries caused by underinsured motorists. After plaintiff obtained consent judgments against the driver and the dramshop, he notified defendant of the judgments and filed a claim for underinsured motorist coverage in the amount of $100,000. Defendant denied the claim, and this lawsuit followed. The trial court granted summary disposition in favor of defendant on the bases of a setoff provision in the underinsured motorist coverage endorsement and a consent-to-settle clause in the uninsured motorist coverage endorsement.

On appeal, plaintiff contends that the trial court erred in concluding that the setoff provision in the underinsured motorist coverage endorsement applies to money paid by the dramshop pursuant to the consent judgment. The setoff provision states:

> 3. The limits of this coverage and/or any amounts payable under this coverage will be reduced by:
> a. any amount paid by or for any liable parties.

Generally, insurance contracts are interpreted as a whole, giving the words used therein their commonly understood meaning. *Lincoln Mutual*

*Casualty Co v American Arbitration Ass'n,* 49 Mich App 676, 680; 212 NW2d 765 (1973). Any reasonable doubts or ambiguities will be construed most favorably to the insured, particularly where the insurance contract is drawn by the insurer. *Id.* However, if a contract fairly admits of but one interpretation, it may not be said to be ambiguous or fatally unclear. *Allstate Ins Co v Goldwater,* 163 Mich App 646, 648; 415 NW2d 2 (1987). Further, if the terms of the policy are plain and unambiguous, their plain meaning should be given effect. *Id.,* p 649. If the language of the contract is clear and unequivocal, the court will enforce its terms and will not rewrite the contract. *Farm Bureau Ins Co v Hoag,* 136 Mich App 326, 332; 356 NW2d 630 (1984).

In this case, we agree with the trial court that the language used in the setoff provision is clear and unambiguous, and must be construed in light of the ordinary and popular sense of the language used therein. *United States Fidelity & Guaranty Co v Group Health Plan,* 131 Mich App 268, 274; 345 NW2d 683 (1983). Under the clause, the underinsured motorist coverage of $100,000 is to be reduced by any amounts paid by "any liable parties." "Any" means "every," "each one of all," and is unlimited in its scope. *Harrington v Inter-State Business Men's Accident Ass'n,* 210 Mich 327; 178 NW 19 (1920). The commonly understood meaning of the word "any" implies "of every kind" and negates the idea of exclusion; it does not mean less than all. *Gibson v Agricultural Life Ins Co of America,* 282 Mich 282; 276 NW 450 (1937). Thus, the "any liable parties" setoff provision does *not* apply only to money paid by an underinsured motorist, as plaintiff contends, but instead applies to all liable parties.

Here, the dramshop was one of two parties

liable for the decedent's death. Because the total amount received by plaintiff from both the driver and the dramshop exceeded the policy coverage, the trial court did not err in finding that defendant was entitled to summary disposition pursuant to the setoff provision of the underinsured motorist endorsement.

Our disposition of the above issue makes it unnecessary to address plaintiff's remaining claim.

Affirmed.