MEAD v AETNA CASUALTY & SURETY COMPANY

Docket No. 147868. Submitted June 4, 1993, at Lansing. Decided September 15, 1993; approved for publication December 1, 1993, at 9:15 A.M.

Lorrie A. and Michael P. Mead brought an action in the Oakland Circuit Court against Aetna Casualty and Surety Company, their no-fault insurer, seeking the full limit of $100,000 of coverage under the underinsured motorist provisions of their policy. Aetna had paid the plaintiffs $35,000 in underinsured motorist benefits after the plaintiffs settled, for $65,000, a negligence action against a drunken driver and a dramshop that had been mediated at $500,000 for the plaintiffs. The court, Jessica R. Cooper, J., granted summary disposition for the defendant, ruling that, under the policy, the defendant was entitled to set off the settlement proceeds against the limit of coverage. The plaintiffs appealed.

The Court of Appeals *held:*

The underinsured motorist provisions of the policy state that "[a]ny amounts otherwise payable for damages under this coverage shall be reduced by: 1. All sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible." The policy unambiguously provides that setoff shall be against coverage limits, not against the total amount of damages. The amount that is "otherwise payable . . . under this coverage" is $100,000, which must be reduced by the $65,000 received by the plaintiffs in settlement of the negligence action.

Affirmed.

*Googasian, Hopkins, Hohauser & Forhan* (by *Stephen J. Hopkins*), for the plaintiffs.

*Vandeveer Garzia* (by *Pamela L. Abbott*), for the defendant.

Before: REILLY, P.J., and SAWYER and P. J. CLULO,* JJ.

PER CURIAM. Plaintiffs appeal from an order of the circuit court granting summary disposition in favor of defendant on plaintiffs' claim under an underinsured motorist coverage clause in an automobile insurance policy issued by defendant. We affirm.

Plaintiff Lorrie Mead was injured when she was involved in an accident with a drunk driver. Plaintiffs brought suit against the driver and the bar that had served the driver. Mediation of the matter resulted in an evaluation of $450,000 against the driver and $50,000 against the bar. The suit was subsequently settled in the amount of $65,000, $20,000 being from the driver and $45,000 from the bar.

Thereafter, plaintiffs requested defendant, their no-fault insurer, to pay underinsured motorist benefits under the policy issued to plaintiffs. Defendant paid $35,000, representing the amount of the underinsured policy coverage limit of $100,000, less the $65,000 paid plaintiffs from other sources. Plaintiffs filed suit, maintaining that they are entitled to the entire $100,000 of coverage limits. They argued that the $65,000 received from the other sources should have been offset against the total amount of damages, not against the amount of the coverage limit for the underinsured motorist coverage.

The sole issue on appeal is whether the trial court erred in agreeing with defendant that defendant was entitled to offset the amount of monies received by plaintiffs from other sources against the coverage limit rather than against the total

---

* Circuit judge, sitting on the Court of Appeals by assignment.

amount of damages.[1] At issue is the following provision in the uninsured motorist coverage[2] of the policy, which provides in pertinent part as follows:

> Any amounts otherwise payable for damages under this coverage shall be reduced by:
> 1. All sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under the Liability Coverage of this policy . . . .

We agree with defendant that this language is unambiguous on its face and provides that the offset shall be against coverage limits, not against the total amount of damages. The amount that is "otherwise payable . . . under this coverage" refers to, in this case, the policy limits of $100,000. That amount must, therefore, be reduced by the sums paid from other sources. This Court interpreted similar clauses in *Parker v Nationwide Mutual Ins Co,* 188 Mich App 354; 470 NW2d 416 (1991), and *Schroeder v Farmers Ins Exchange,* 165 Mich App 506; 419 NW2d 9 (1987), reaching similar results. As the Court in *Schroeder* noted, this type of insurance substitutes for residual liability coverage and benefits paid under another policy may be set off against the benefits paid under an uninsured or underinsured policy. *Id.* at 509.

In sum, we are satisfied that the intent and meaning of the setoff provision in defendant's insurance policy is to provide that the coverage

---

[1] Because the total amount of plaintiffs' damages exceeds the sum of the coverage limits for the underinsured motorist coverage and the amount received from other sources, plaintiffs would be entitled to the policy limits of the underinsured motorist coverage, $100,000, if their interpretation of the contract is accepted.

[2] The definition of uninsured motorist under the policy includes underinsured motorists as well.

limits for the underinsured motorist coverage represent the amount the insured is guaranteed to recover, if damages are sufficient, from all sources, including the underinsured coverage itself. It does not, as plaintiffs would argue, represent coverage above and beyond that provided by other sources, such as the tortfeasor's own liability coverage. Accordingly, the trial court correctly concluded that defendant was entitled to claim a setoff against the coverage limits and not against the total amount of plaintiffs' damages. Therefore, the trial court properly granted summary disposition in favor of defendant.

Affirmed. Defendant may tax costs.