AUTO CLUB INSURANCE ASSOCIATION v LOZANIS

Docket No. 165231. Submitted October 11, 1995, at Detroit. Decided
February 9, 1996, at 9:10 A.M. Leave to appeal sought.

Auto Club Insurance Association brought an action in the Ma-
comb Circuit Court against Macomb County resident George
Lozanis, seeking a declaration concerning the limits of Lozanis'
coverage under a no-fault automobile insurance policy issued in
Michigan by Auto Club to Lozanis for uninsured motorists
benefits for an accident in Ontario, Canada, and injunctive
relief against Lozanis' further prosecution of an action in an
Ontario court for the same benefits. The court, Lido V. Bucci,
J., declared that there was uninsured motorists coverage of
$200,000 in Canadian currency, as required by Ontario law and
despite a stated policy limit of $20,000 in American currency,
enjoined Lozanis from further pursuing his action in Ontario,
and ordered arbitration of the parties' dispute as provided in
the insurance policy. Auto Club appealed, and Lozanis cross
appealed.

The Court of Appeals held:

1. The trial court correctly determined that Michigan law
governs the insurance contract between the parties because the
parties entered into that contract in Michigan and that under
Michigan law Lozanis should have pursued arbitration of his
claim as provided in the insurance policy.

2. The trial court correctly determined the extent of unin-
sured motorists coverage. Auto Club, in a document it filed
with the Canadian government, bound itself not to assert
uninsured motorist policy limits lower than $200,000 in Cana-
dian currency with respect to accidents in Ontario involving
non-Canadian residents like Lozanis. Auto Club also provided
in its policy that it would provide coverage higher than stated
policy limits where higher coverage is required by law of a
Canadian province.

3. Lozanis, by not raising it in the trial court, waived appel-
late review of his claim that Auto Club waived its right to

REFERENCES

Am Jur 2d, Conflict of Laws §§ 74, 75; Contracts §§ 336, 339.
See ALR Index under Conflict of Laws; Contracts.

arbitration by participating in the Ontario action. In any event, Auto Club did not waive the right because Auto Club, in the Ontario action, asserted as a defense that the action was not properly in Ontario.

4. The trial court did not abuse its discretion in enjoining Lozanis from further pursuing his action in Ontario.

Affirmed.

1. Contracts — Insurance — Judicial Construction.

Michigan courts, when interpreting insurance contracts, employ the law of the state in which the parties entered into the contract.

2. Contracts — Judicial Construction — Appeal.

The construction of a contract with clear language is a question of law and is reviewed de novo on appeal.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Daniel S. Saylor* and *Lloyd G. Johnson*), for the plaintiff.

*Simon, Korachis & Stella, P.C.* (by *Peter N. Zingas*) (*Bendure & Thomas* by *Sidney A. Klingler*, of Counsel), for the defendant.

Before: Corrigan, P.J., and Hoekstra and P. E. Deegan,* JJ.

Corrigan, P.J. In this conflicts of law action involving the interpretation of an uninsured motorist benefit provision in a no-fault automobile insurance policy, plaintiff Auto Club Insurance Association (ACIA) appeals as of right an order of declaratory judgment. Defendant George Lozanis cross appeals the order compelling arbitration of all remaining arbitrable issues and the injunction prohibiting him from continuing his Ontario litigation. We affirm.

In January, 1989, a semitrailer truck struck defendant's vehicle while defendant, a Macomb

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

County resident, traveled on a highway outside London, Ontario, Canada. Because the driver of the truck was unidentified, defendant sought uninsured motorist benefits for his injuries. ACIA provided insurance coverage to defendant; the policy permitted a maximum of $20,000 for uninsured motorist coverage.

Ontario law, however, requires insurance carriers to provide at least $200,000 of coverage for uninsured motorist benefits. Ontario Insurance Act, Ont Rev Stat 1980, ch 218, § 219(1). ACIA refused to pay defendant more than the $20,000 policy limit. Defendant thereafter initiated suit in Ontario, despite the policy's arbitration clause governing dispute resolution. ACIA sued defendant in Macomb County, then moved for summary disposition, for declaratory relief, and to enjoin defendant's Ontario suit.

The circuit court determined that the parties' remaining claims should be arbitrated under Michigan law and the policy itself. The court then declared as a matter of law that the uninsured motorist coverage was $200,000 in Canadian currency. The circuit court dismissed plaintiff's Macomb action and enjoined defendant from pursuing his Ontario case and from interfering with, or enjoining, the arbitration or ACIA's suit.

The circuit court correctly applied Michigan law when interpreting the parties' insurance contract. The instant controversy sounds in contract, not in tort. Michigan courts interpreting contract provisions should employ the law of the state in which the parties entered the contract. *Jones v State Farm Mutual Automobile Ins Co,* 202 Mich App 393, 398; 509 NW2d 829 (1993). Because defendant contracted with ACIA in Michigan, the law of our state governs their insurance agreement.

Under Michigan law, defendant should have

exhausted his remedies under the policy before bringing suit in Ontario. MCL 500.2254; MSA 24.12254 provides that "any reasonable remedy for adjudicating claims established by [an insurance company] shall first be exhausted by the claimant before commencing suit . . . ." The insurance contract between the parties provided for arbitration of disputes. Thus, defendant should have arbitrated his claims against ACIA before filing his complaint in Ontario. The circuit court properly ordered arbitration and enjoined defendant from pursuing his Ontario cause of action.[1]

ACIA next argues that the circuit court should not have determined that the policy limit for uninsured motorist coverage was $200,000. The court decided that the amount of uninsured motorist coverage was not arbitrable on the basis of the policy's arbitration provision, which reads:

> Unless otherwise agreed by express written consent of both parties, disagreements concerning insurance coverage, insurance afforded by the coverage, or whether or not a motor vehicle is an uninsured motor vehicle are not subject to arbitration and suit must be filed within 3 years from the date of the accident.

The above language prohibits the parties from arbitrating insurance coverage disputes, which presumably include the amount of uninsured motorist coverage.

Because the amount of insurance coverage was not arbitrable, the circuit court next examined the contract itself and decided as a matter of law that ACIA was bound to provide at least $200,000 in uninsured motorists coverage. The construction of

---

[1] This holding is limited to those claims that are indeed arbitrable. We do not hold that the matters of law in this case should be arbitrated.

a contract with clear language is a question of law. *G&A, Inc v Nahra,* 204 Mich App 329, 330; 514 NW2d 255 (1994). We review questions of law de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991).

Courts view insurance contracts similarly to other contracts, as agreements between the parties, and will determine the terms of the agreement and enforce them accordingly. *Whitaker v Citizens Ins Co of America,* 190 Mich App 436, 439; 476 NW2d 161 (1991). Insurance contracts are typically interpreted as a whole, and courts are to give the words within the contract their commonly understood meaning. *Parker v Nationwide Mutual Ins Co,* 188 Mich App 354, 355; 470 NW2d 416 (1991). If a contract is clear, a court will enforce its terms and will not rewrite it. *Id.*

The circuit court examined the Power of Attorney and .Undertaking, a document filed by ACIA with the Canadian government, which provides that ACIA will

[n]ot . . . set up any defence to any claim, action, or proceeding, under a motor-vehicle liability insurance contract entered into by it, which might not be set up if the contract had been entered into in, and in accordance with the law relating to motor-vehicle liability insurance contracts of the Province or Territory of Canada in which such action or proceedings may be instituted, and to satisfy any final judgment rendered against it or its insured by a Court in such Province or Territory, in the claim, action, or proceeding, up to

(1) the limit or limits of liability provided in the contract; but

(2) in any event an amount not less than the limit or limits fixed as the minimum for which a contract of motor-vehicle liability insurance may be entered into in such Province or Territory of

Canada, exclusive of interest and costs and subject
to any priorities as to bodily injury or property
damage with respect to such minimum limit or
limits as may be fixed by the Province or Terri-
tory.

This provision means that an insurer of a nonresi-
dent motorist injured in an Ontario accident may
not assert uninsured motorist policy limits lower
than $200,000 as a defense. *Schrader v United
States Fidelity & Guaranty Co,* 37 DLR4th 120,
127; 59 OR 2d 178; 4 ACWS3d 114 (1987). Also,
ACIA's filing of the Power of Attorney and Under-
taking document in Ontario subjects it to Cana-
dian law as if it were licensed to do business in
Ontario. *Id.*

ACIA's execution of the Power of Attorney and
Undertaking demonstrates that it was on notice of
its potential minimum liability for $200,000 in
uninsured motorist coverage in Canada. See gener-
ally *Olmstead v Anderson,* 428 Mich 1, 6; 400
NW2d 292 (1987). During oral argument, counsel
for ACIA conceded that it would be bound by the
$200,000 uninsured motorist coverage if an action
was brought in Ontario. ACIA asserts, however,
that it is not so bound because this action origi-
nated in Macomb County. Although ACIA brought
suit in Macomb County, its agréement to the
Power of Attorney and Undertaking document
indicated that it submitted to Ontario law. Addi-
tionally, ACIA's execution of that document negates
its contention that it did not intend to provide
insurance coverage for its insureds who traveled in
Canada.

Additionally, ACIA's insurance policy provides:

The Limit of our Liability is $20,000 for dam-
ages for bodily injury sustained by one insured
person in one accident. This limit also includes all

claims for derivative damages allowed under the
law . . . .

The policy also provides:

> If the law of any state [including Canadian
> provinces] requires a non-resident to maintain car
> insurance greater than the insurance provided by
> this policy, our limits and the coverage afforded
> shall be as set forth in that law while the INSURED
> CAR is used in that state.

ACIA argues that the above provision does not
apply because Ontario law did not require defen-
dant to maintain vehicle insurance in Ontario.
Whether the above provision applies is not mate-
rial because ACIA is subject to liability under the
Power of Attorney and Undertaking.

On cross appeal, defendant argues that ACIA
waived the right to arbitration by participating in
the Ontario suit for over two years without de-
manding arbitration. This issue is not properly
preserved for appellate review because defendant
did not argue it before the circuit court and the
court did not address it. Generally, this Court does
not review issues raised for the first time on
appeal and not addressed by the trial court. *Gara-
vaglia v Centra, Inc,* 211 Mich App 625, 628; 536
NW2d 805 (1995); *Adam v Sylvan Glynn Golf
Course,* 197 Mich App 95, 98; 494 NW2d 791
(1992). Further, in its answer filed in 1990, ACIA
asserted as a defense that defendant's action was
not properly in Ontario and should be governed by
Michigan law. ACIA's conduct in litigation was
consistent with its right to arbitration. It thus does
not operate as an implied waiver. *Joba Construc-
tion Co, Inc v Monroe Co Drain Comm'r,* 150 Mich
App 173, 178; 388 NW2d 251 (1986).

Also, ACIA's answer provided notice to defendant

in 1990 that ACIA disputed the uninsured motorist coverage under the contract. Defendant's argument that ACIA should have demanded arbitration is curious in light of his admission in his brief on cross appeal that the litigated issue—the amount of uninsured motorist coverage—was not arbitrable. Because the amount of uninsured motorist coverage was not arbitrable, ACIA was not bound to demand arbitration.

Defendant next asserts that the circuit court should not have enjoined him from pursuing his Ontario action because ACIA participated in the action for over two years before instituting its Macomb County suit. The circuit court did not abuse its discretion in granting ACIA's request for an injunction. In the case at bar, defendant achieved the results he sought in the Canadian action—a $200,000 coverage minimum. Under those circumstances, ACIA would have been harmed more had the court denied the injunction than defendant was by the court's grant of relief. See *Fruehauf Trailer Corp v Hagelthorn,* 208 Mich App 447, 449; 528 NW2d 778 (1995); *Campau v McMath,* 185 Mich App 724, 729; 463 NW2d 186 (1990). Also, any further action in Ontario could potentially conflict with this case and upset the orderly resolution of this case.

Affirmed.