ERICKSON v CITIZENS INSURANCE COMPANY

Docket No. 177308. Submitted May 15, 1996, at Grand Rapids. Decided May 31, 1996, at 9:20 A.M.

Penny D. Erickson brought an action in the Muskegon Circuit Court against Citizens Insurance Company, her no-fault insurer, seeking $73,333 in uninsured motorist benefits under a policy with a $100,000 limit of liability for uninsured motorist benefits. As a passenger in Gary Wenter's automobile, the plaintiff had sustained injury when Wenter's vehicle was hit by a wheel that came off Gerald Arnall's automobile The plaintiff had received nothing from Arnall's insolvent automobile insurer, but had received $16,666.66 from Safeco Insurance Company, Arnall's liability insurer, and $100,000 from United States Automobile Association, Wenter's automobile insurer. On facts stipulated by the parties, including a stipulation that Arnall's negligence had been the sole cause of the accident, the court, Ronald H. Pannucci, J., granted summary disposition for the plaintiff, rejecting the defendant's contention that recovery was barred by the $100,000 limit under its policy for uninsured motorist benefits. The defendant appealed.

The Court of Appeals *held*:

The policy limit at issue provides that any amounts otherwise payable for damages under uninsured motorist coverage shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible. Amounts recoverable by the plaintiff from the defendant must be reduced by the $16,666.66 the plaintiff received from Arnall's liability insurer because, pursuant to the parties' stipulation, Arnall caused the accident that led to the plaintiff's injury, but may not be reduced by the $100,000 the plaintiff recovered from Wenter's automobile insurer because the parties' stipulation precludes a finding that Wenter may be legally responsible.

Affirmed.

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *Eric C. Lewis*), for the plaintiff.

*Dilley, Dewey, Damon & Condon, P.C.* (by *Jonathan S. Damon*), for the defendant.

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

DOCTOROFF, C.J. The trial court granted plaintiff's motion for summary disposition and ordered defendant to pay plaintiff $73,333 plus interest and costs. Defendant appeals as of right. We affirm.

The parties stipulated the facts presented in the trial court. While plaintiff was a passenger in an automobile driven by Gary Wenter, the automobile was hit by a wheel from a Ford Bronco that had crossed into the automobile's driving lane. Gerald Arnall, the owner of the Ford Bronco, had incorrectly replaced the wheel on the Bronco after fixing the brakes on his vehicle. The parties do not dispute that Arnall's negligence was the sole cause of the accident. Plaintiff's recoverable damages amounted to $190,000.

The Bronco was insured by Olympian Insurance Company. That company became insolvent before it paid plaintiff for any damages from the accident. Arnall also possessed liability coverage under an insurance policy from the Safeco Insurance Company. That policy contained limits of liability of $50,000 a person and $100,000 an occurrence. Plaintiff received $16,666.66 from Safeco as her portion of the payment under the $100,000 policy limit. Wenter's vehicle was insured by the United States Automobile Association (USAA). USAA paid plaintiff $100,000 under the uninsured motorist coverage provision of its policy.

Plaintiff was insured by defendant under a policy that provided uninsured/underinsured motorist coverage with a limit of liability of $100,000. The only issue

in the trial court was the amount of money that plaintiff should have received from defendant after accounting for the payments to plaintiff by Safeco and USAA. Defendant filed a motion for summary disposition, claiming that plaintiff's payment from USAA should be subtracted from the limit of liability of defendant's policy. Because the payment from USAA was $100,000 and the liability limit of defendant's policy was $100,000, defendant maintained that it owed no money to plaintiff. Plaintiff filed a cross-motion for summary disposition. In her motion, plaintiff argued that the payment from USAA should act as a setoff from plaintiff's damages. Therefore, plaintiff maintained that the court should subtract the $100,000 payment from USAA and the $16,666 from plaintiff's total damages of $190,000, and plaintiff should still be entitled to $73,333 from defendant.

If the language of an insurance contract is clear and unequivocal, the court will enforce its terms and not rewrite the contract. Any reasonable doubts or ambiguities will be construed most favorably to the insured, particularly where the insurance contract is drawn by the insurer. *Parker v Nationwide Mutual Ins Co*, 188 Mich App 354, 356; 470 NW2d 416 (1991).

The "limit of liability" clause in defendant's policy for uninsured motorist benefits states, in relevant part:

> Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:
> 1. Paid because of the "bodily injury" by or on behalf of persons or organizations who may be legally responsible.

The "limit of liability" clause in defendant's policy for underinsured motorist benefits contains similar lan-

guage. Defendant maintains that, pursuant to this clause, the $100,000 otherwise payable to plaintiff should be reduced by the sum paid by USAA on behalf of Wenter.

As authority for its position, defendant cites *Mead v Aetna Casualty & Surety Co*, 202 Mich App 553; 509 NW2d 789 (1993). In *Mead*, the underinsured motorist benefit clause contained the same language as the "limit of liability" clause for uninsured motorist benefits in this case. After the plaintiff received payments from the drunken driver who caused the accident and the bar who served liquor to the drunken driver, the defendant argued that those payments should be subtracted from its limits of liability. Because our Court found the language in the setoff provision to be unambiguous, we held that payments by or on behalf of a person who may be legally responsible for the accident should be subtracted from the defendant's limit of liability. *Id.* at 554-555.

We find *Mead* distinguishable from this case because USAA's payment to plaintiff was not a payment "by or on behalf of *persons or organizations who may be legally responsible.*" (Emphasis added). USAA provided uninsured motorist benefits for Wenter. The parties stipulated that Arnall was solely responsible for the accident. Therefore, the $16,666 payment by Safeco constituted a payment on behalf of a person who may be legally responsible. The uninsured motorist payment by USAA did not.

Affirmed.