CARLYON v MUTUAL OF OMAHA INSURANCE COMPANY

Docket No. 192567. Submitted October 16, 1996, at Marquette. Decided
December 13, 1996, at 9:20 A.M. Leave to appeal sought.

Larry F. Carlyon brought an action in the Marquette Circuit Court
against Mutual of Omaha Insurance Company after the insurer
stopped paying him total disability benefits upon learning that Car-
lyon, whose regular occupation was emergency room physician,
was working part-time as a prison doctor. Mutual of Omaha had
been paying Carlyon total disability benefits for a back injury that
made him unable to perform the duties of an emergency room phy-
sician pursuant to an insurance contract that provided the benefits
when the insured is unable to perform the material and substantial
duties of the insured's regular occupation. Carlyon alleged that the
benefits were still payable under a rider stating that earnings in an
occupation other than the insured's regular occupation would have
no effect on the benefits. The court, Edward A. Quinnell, J.,
granted summary disposition for Carlyon. Mutual of Omaha
appealed.

The Court of Appeals *held*:

1. It is reasonable to consider emergency room physician to be a
separate occupation from a general practice prison doctor because
emergency medicine is a recognized specialty and requires the abil-
ity to perform specialized tasks not required of a prison doctor.

2. Carlyon was totally disabled from his regular occupation and,
because of the rider, his income as a prison doctor did not trigger
lesser payment under the partial disability provisions of the rider.
The trial court properly granted summary disposition for Carlyon.

Affirmed.

INSURANCE — DISABILITY INSURANCE — INABILITY TO PERFORM REGULAR
OCCUPATION.

The occupation of emergency room physician is properly considered
a separate occupation from a general practice prison doctor for
purposes of a disability insurance policy that provides that the
insured would be considered totally disabled when unable to per-
form the material and substantial duties of the insured's regular
occupation; therefore, an insured may be considered totally dis-
abled where, because of a back injury, the insured is unable to per-

form the insured's regular occupation as an emergency room physician, although the insured is able to work part-time as a general practice prison doctor.

*Steven L. Pence,* for the plaintiff.

*Clark Hill P.L.C.* (by *James E. Brenner* and *Mark W. McInerney*), for the defendant.

Before: GRIBBS, P.J., and MACKENZIE and GRIFFIN, JJ.

PER CURIAM. Defendant appeals as of right from an order granting summary disposition for plaintiff and awarding him $27,400, plus costs and interest. We affirm.

This dispute concerns plaintiff's eligibility to recover benefits pursuant to a disability insurance policy issued by defendant. A rider to that policy provided that the insured would be considered totally disabled when "unable to perform the material and substantial duties of the Insured's regular occupation." Plaintiff, a medical doctor, had been working in various hospitals as an emergency room physician until August 1991, when he became disabled from work because of a back injury. Defendant paid plaintiff total disability benefits under the policy until June 6, 1993, when it learned that plaintiff had been working part-time as a prison doctor for the Department of Corrections since July 1992. Plaintiff contended that, under the parties' insurance contract, he was entitled to total disability benefits for the period after July 1992 because, although he was able to work as a prison doctor, he was disabled from his "regular occupation" as an emergency room physician. Defendant, on the other hand, maintained that plaintiff was not entitled to total disability benefits for the period because his work as a prison doctor was

within the scope of his "regular occupation" as a general practice physician. The trial court concluded that the policy's undefined term "regular occupation" was ambiguous and had to be construed in favor of the insured. The court further concluded that plaintiff's "regular occupation" was emergency room physician rather than general practice physician and that plaintiff was unable to perform the material and substantial duties of an emergency room physician. Accordingly, the court granted summary disposition for plaintiff.

Upon review de novo, *Kennedy v Auto Club of Michigan*, 215 Mich App 264, 266; 544 NW2d 750 (1996), we conclude that the trial court properly granted summary disposition for plaintiff. The parties' insurance contract includes provisions for the payment of total disability benefits when the insured is unable to perform the material and substantial duties of his regular occupation. While the rider also includes provisions for partial disability benefits, it explicitly states that, "[e]arnings in an occupation other than the Insured's regular occupation will have no effect on benefits." Ambiguities and reasonable doubts in insurance contracts are construed most favorably to the insured to maximize coverage. *American Bumper & Mfg Co v Hartford Fire Ins Co*, 452 Mich 440, 448; 550 NW2d 475 (1996); *Erickson v Citizens Ins Co*, 217 Mich App 52, 54; 550 NW2d 606 (1996). Plaintiff's expert, Dr. Dennis Whitehead, asserted, without contradiction, that emergency medicine is a medical specialty and that because of plaintiff's condition he could not reasonably perform various medical procedures essential to emergency medicine. Although nurse Katherine Bond asserted

that both emergency room physicians and prison physicians must treat a combination of acute and chronic medical conditions, her report failed to address the procedures expected of an emergency room physician that Dr. Whitehead had identified as beyond plaintiff's physical capabilities. Additionally, virtually any physician might be called upon to render some emergency aid in crisis situations; that does not mean that being an emergency room physician is not a distinct occupation. Thus, it is reasonable to consider emergency room physician as a separate occupation from a general practice prison doctor. Emergency medicine is a recognized specialty and requires the ability to perform specialized tasks not required of a prison doctor.

Considering the term "regular occupation" in the reasonable manner most favorable to the insured, *American Bumper, supra,* plaintiff's regular occupation was emergency room physician. Plaintiff was totally disabled for purposes of the insurance policy because, on the basis of the undisputed facts, he was unable to perform the material and substantial duties of an emergency room physician. Because of the provision of the rider that earnings outside the insured's regular occupation have no effect on benefits, plaintiff's income as a prison doctor did not trigger lesser payment under the partial disability provisions of the rider. The trial court therefore properly granted summary disposition for plaintiff. Furthermore, because plaintiff was entitled to total disability benefits for the entire period at issue, the court properly denied defendant's cross-motion for summary disposition regarding its counterclaim.

Affirmed.