FMB-FIRST MICHIGAN BANK v BAILEY

Docket No. 200958. Submitted September 9, 1998, at Grand Rapids. Decided November 24, 1998, at 9:15 A.M.

FMB-First Michigan Bank brought an action in the Kent Circuit Court against attorney Donald M. Bailey, seeking payment of that portion of a loan from FMB to the law firm of Bailey & Koetje, P.C., that Bailey personally guaranteed. Bailey & Koetje, P.C., had as its partners Bailey, James L. Koetje, and Donald R. France and had, by the time of FMB's action, been dissolved following arbitration of an action brought by Koetje in the Kent Circuit Court. Asserting various common-law claims, Bailey brought a third-party action against Koetje; France; Bailey & Koetje, P.C.; two other law firms; and Thomas P. Jeakle, an attorney who acted as a special master in the action for dissolution of Bailey & Koetje, P.C. Bailey moved for the disqualification of Dennis C. Kolenda, J., arguing bias based on the judge's involvement in the action for dissolution of Bailey & Koetje, P.C. The court, James H. Fisher, J., denied the motion for disqualification. The court, Dennis C. Kolenda, J., granted summary disposition for the third-party defendants and FMB and imposed sanctions under MCR 2.114 against Bailey and in favor of the third-party defendants. Bailey appealed.

The Court of Appeals *held*:

1. Bailey failed to adequately brief, and therefore failed to preserve for appeal, claims that he stated a valid defense and raised a genuine issue of material fact so as to make the trial court's grant of summary disposition for FMB pursuant to MCR 2.116(C)(9) and (10) erroneous, and that Koetje and Bailey & Koetje, P.C., were erroneously granted summary disposition. By raising it for the first time on appeal and by failing to adequately brief it, Bailey also failed to preserve for appeal the claim that Jeakle violated MCR 2.603(A)(3) by continuing to defend the action after a default had been entered against him.

2. The trial court's order awarding sanctions to the third-party defendants pursuant to MCR 2.114 is vacated to the extent that it awards attorney fees to pro se litigants, including attorneys. Pro se litigants are not eligible for attorney fee awards under MCR 2.114 because the court rule speaks in terms of reasonable expenses

incurred and pro se litigants, including attorneys, do not incur expenses related to having others represent them as attorneys. The matter must be remanded for findings regarding whether the remaining sanctions are awardable under MCR 2.114(E) or (F). If sanctions are awardable under subrule E, the trial court may fashion an appropriate sanction within the discretion afforded by that subrule. If awardable under subrule F, sanctions are limited to the terms of MCL 600.2591; MSA 27A.2591.

3. The motion for disqualification of Judge Kolenda was properly denied. Bailey failed to overcome the heavy presumption of judicial impartiality with any evidence of bias or prejudice.

Orders of summary disposition affirmed; orders of sanctions vacated to the extent they award attorney fees to pro se litigants; case remanded for further consideration of sanctions.

1. PLEADING — FRIVOLOUS CLAIMS AND DEFENSES — SANCTIONS — ATTORNEY FEES — PRO SE LITIGANTS.

Attorney fees as sanctions for pleadings signed in violation of the court rule providing that signatures on pleadings certify that the signers have read the pleadings, that the pleadings are well grounded in fact and warranted by law, and that the pleadings are not interposed for any improper purpose, or as sanctions for frivolous claims or defenses, are not awardable to pro se litigants, including attorneys; attorney fees may be awarded pursuant to the court rule to only those litigants who incur expenses related to having attorneys other than themselves represent them (MCR 2.114[E],[F], 2.625[A][2]; MCL 600.2591[1]; MSA 27A.2591[1]).

2. MOTIONS AND ORDERS — DISQUALIFICATION OF JUDGES — BIAS OR PREJUDICE — APPEAL.

The Court of Appeals, when reviewing a trial court's decision regarding a motion to disqualify a judge, reviews findings of fact for abuse of discretion and the applicability of facts to relevant law de novo; disqualification for bias or prejudice is warranted only on a showing of bias or prejudice that is both personal and extrajudicial (MCR 2.003[B][1]).

*Cunningham Dalman, P.C.* (by *Andrew J. Mulder* and *Gregory J. McCoy*), for FMB-First Bank of Michigan.

*Donald M. Bailey,* for Donald M. Bailey.

*James L. Koetje,* for James L. Koetje and Bailey and Koetje, P.C.

*Smith, Haughey, Rice & Roegge* (by *L. Roland Roegge* and *Matthew L. Meyer*), for Wardrop & Wardrop, P.C.

*Schenk, Boncher & Prasher* (by *Gregory G. Prasher*), for Schenk, Boncher & Prasher.

*Law, Weathers & Richardson, P.C.* (by *Robert A. Buchanan*), for Thomas P. Jeakle.

Before: SMOLENSKI, P.J., and McDONALD and SAAD, JJ.

SAAD, J.

I

NATURE OF THE CASE

This appeal is the most recent chapter in the tangled legal and financial affairs of the law firm Bailey & Koetje, P.C. (B & K). Before the firm's dissolution, each of the three partners personally guaranteed a portion of a loan made by plaintiff to B & K. Following the firm's dissolution, plaintiff attempted to collect the guaranteed amount. Although his two partners paid their share of the loan as required by the guarantee, defendant/third-party plaintiff, Donald M. Bailey (defendant) refused to pay, and plaintiff sued. Defendant sued the third-party defendants on a variety of common-law theories. On October 8, 1996, the trial court dismissed the third-party defendants on summary disposition. On January 14, 1997, the trial court ordered summary disposition in plaintiff's favor against defendant. Defendant now appeals as of right from both summary disposition orders, and also from

an order awarding attorney fees to the third-party defendants under MCR 2.114(E) or (F). Because defendant Bailey's defense to the loan is wholly frivolous, as are his claims against third-party defendants, we affirm the summary disposition orders. The question of first impression raised by the sanctions assessed against defendant is whether a pro se litigant may be awarded attorney fees. We answer no because a pro se litigant has not *incurred attorney fees* as these terms are used in the relevant court rules and statute. However, we remand with instructions to the trial court to use its discretion under MCR 2.114(E) to formulate an appropriate sanction against defendant for frivolous litigation.[1]

II

FACTS AND PROCEEDINGS

Defendant and third-party defendants James L. Koetje and Donald R. France were partners in the law firm Bailey & Koetje, P.C. On August 17, 1994, plaintiff, a bank, extended credit to B & K, documented by an unsecured demand note for $100,000. In connection with the loan, defendant, Koetje, and France each signed a guarantee that limited each signatory's liability to thirty percent of the total debt.

Koetje subsequently commenced a dissolution action against B & K. In the dissolution action, third-party defendant Wardrop & Wardrop, P.C. (W & W)

---

[1] Our decision addresses attorney fee sanctions under MCR 2.114(E) (violations of the signature rule provided by MCR 2.114[D] and MCR 2.114(F) (frivolous claims and defenses under MCR 2.625[A][2] and MCL 600.2591; MSA 27A.2591). We read both of these rules as having the purpose of deterring frivolous legal claims and defenses, and hereafter we will refer to defendant Bailey's third-party claims as frivolous.

represented B & K, and third-party defendant Schenk, Boncher & Prasher, P.C. (S, B & P) represented Koetje. In the dissolution action, the trial court appointed third-party defendant Thomas P. Jeakle as a special master to wind down B & K's affairs.[2] B & K has also been involved in bankruptcy proceedings in late 1995 and early 1996. On May 12, 1995, the trial court entered an order dissolving the corporation in accordance with an arbitration the court conducted at the parties' request.

On December 21, 1995, plaintiff demanded from B & K's partners payment of the amount each had guaranteed, including $23,189.32 from defendant. Koetje and France satisfied the obligation, but defendant refused to pay. Plaintiff commenced this lawsuit on January 11, 1996. Defendant filed a third-party complaint, which we can only characterize as rambling and incomprehensible. Defendant alleged that Koetje and B & K fraudulently induced him to guarantee the loan by misrepresenting that Koetje was an officer of B & K. (Defendant has not explained how he could not have known whether Koetje was an officer of B & K, or how such a misrepresentation would have induced him to sign the documents.) Defendant also alleged "wrongful constructive execution [sic]" or "intentional or reckless infliction of severe mental distress" against Koetje. Defendant also sought relief from the corporate dissolution order on the grounds of "mistake, neglect, fraud, misrepresentation, misconduct and/or other reasons." Finally, defendant alleged that

---

[2] Defendant previously filed two appeals relating to the dissolution action. This Court dismissed both of these appeals for lack of jurisdiction.

the third-party defendants conspired to deprive him of assets to Koetje's benefit.[3]

Koetje and B & K moved for summary disposition pursuant to MCR 2.116(C)(6) (prior action), (C)(7) (prior judgment), and (C)(8) (failure to state claim on which relief can be granted). They argued that defendant's third-party claims reiterated issues raised and resolved in the prior dissolution and bankruptcy actions, and that res judicata, collateral estoppel, or judicial estoppel precluded these claims. Defendant did not file a formal response to the summary disposition motion and did not appear at the motion hearing. He did, however, file an affidavit that did not coherently address the summary disposition motions. Because defendant failed to meaningfully respond to any of the persuasive arguments the third-party defendants raised, the trial court granted summary disposition for all the third-party defendants. The trial court also awarded sanctions, including attorney fees, to third-party defendants under MCR 2.114. Koetje and S, B & P, who represented themselves in the litigation, were awarded attorney fees.

On December 2, 1996, plaintiff moved for summary disposition, apparently under MCR 2.116(C)(9) (failure to state valid defense) and (C)(10) (no genuine issue of material fact). Again, defendant filed an incomprehensible affidavit instead of a formal response, and failed to appear at the hearing. The trial court ruled in plaintiff's favor, and entered an order granting judgment for plaintiff in the amount of

---

[3] Defendant does not appeal the dismissal of third-party defendants W & W, S, B & P, France, or Jeakle. Accordingly, we will limit our discussion to the allegations against Koetje and B & K and to Koetje's and B & K's response.

$35,835.85 (the principal of the debt plus the accrued interest, attorney fees, and costs).

III

ANALYSIS

A. SUMMARY DISPOSITION

Defendant argues that the trial court erred in granting plaintiff's motion for summary disposition. We deem that this issue is abandoned because it is not adequately briefed. *Dresden v Detroit Macomb Hosp Corp*, 218 Mich App 292, 300; 553 NW2d 387 (1996). Defendant has asserted that summary disposition under MCR 2.116(C)(9) was improper because the answer stated a valid defense. However, defendant has presented no argument whatsoever regarding what factual allegation in the answer states a valid defense, nor has defendant offered any explanation regarding why or how his answer constitutes a legally valid defense. Similarly, defendant argues that summary disposition under MCR 2.116(C)(10) was improper because his affidavit, as well as Koetje's interrogatory answer in the bankruptcy action (asserting that a bona fide dispute existed regarding the debt), required denial of the motion. However, defendant has offered no argument or explanation regarding how or why the affidavit and interrogatory answer created a genuine issue of material fact with respect to defendant's obligation to pay plaintiff under the terms of the note and guarantee. A party may not merely announce a position and leave it to this Court to discover and rationalize a basis for the claim. *Joerger v Gordon Food Service, Inc*, 224 Mich App 167, 178; 568 NW2d 365 (1997). We therefore decline to address this issue.

Defendant also challenges the order dismissing Koetje and B & K as third-party defendants. Again, we deem this issue to be abandoned because it is not adequately argued in defendant's brief. *Dresden, supra.* Indeed, we are unable to discern the content or meaning of defendant's argument. Defendant seems to argue that Koetje misrepresented facts pertaining to the prior dissolution and bankruptcy proceedings, but he offers no explanation regarding why these arguments are relevant to this issue. We reiterate that defendant may not merely announce a position and leave it to this Court to rationalize a basis for the claim. *Joerger, supra.*

Defendant also argues that Jeakle violated MCR 2.603(A)(3) by continuing to defend the action after a default had been entered against him. Defendant raises this issue for the first time on appeal. Therefore, we need not address this issue, because it is not preserved for appellate review. *Auto Club Ins Ass'n v Lozanis*, 215 Mich App 415, 421; 546 NW2d 648 (1996). Furthermore, this issue has not been adequately briefed. *Dresden, supra.* Defendant has not argued that the outcome of these proceedings would have been different but for the alleged error. We also decline to address defendant's argument that Jeakle was deficient in his performance of his duties as a special master in the dissolution action, because it has not been briefed, and because it is not included in the statement of questions presented. *Weiss v Hodge*

*(After Remand)*, 223 Mich App 620, 634; 567 NW2d 468 (1997).[4]

### B. ATTORNEY FEES FOR PRO SE LITIGANTS

Defendant argues that the trial court improperly awarded attorney fees under MCR 2.114 to third-party defendants Koetje and S, B & P because attorney fees may not be awarded to pro se litigants. This raises a question of law, which is reviewed de novo on appeal. *In re Hamlet (After Remand)*, 225 Mich App 505, 521; 571 NW2d 750 (1997). We conclude that pro se parties are not eligible for attorney fee sanctions under MCR 2.114, and we vacate the order to the extent that it awards pro se litigants attorney fees. However, we also conclude that the language of MCR 2.114(E) affords the court sufficient discretion to design an appropriate sanction, and we remand for further consideration of the sanction issue consistent with this opinion.

Our Supreme Court and our Legislature have sought to deter attorneys and parties from advancing frivolous legal claims, defenses, and documents, without stifling their good-faith efforts at pursuing novel or arguable legal theories.[5] To achieve this balance,

---

[4] Defendant also argues that the trial court erroneously prohibited discovery after June 10, 1996. This issue is not preserved for appellate review because it was not raised and addressed below. *Auto Club, supra*, 421.

[5] MCR 2.114 and MCL 600.2591; MSA 27A.2591 are modeled after FR Civ P 11 (Rule 11). Advisory Committee Notes to Rule 11 state that the rule "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." In the words of another commentator,

> Rule 11 sets minimum levels for the legal and factual sufficiency of every pleading and motion presented to the court. Rule 11 thus acts as a filter throughout the course of every federal lawsuit. . . . Yet Rule 11 must achieve these ends without discouraging attempts to challenge precedent, chilling attorneys' vigorous defense of client

the Supreme Court has adopted MCR 2.114, and the Legislature has enacted MCL 600.2591; MSA 27A.2591. MCR 2.114(D) provides:

> Effect of Signature. The signature of an attorney or party, whether or not the party is represented by an attorney, constitutes a certification by the signer that
>
> (1) he or she has read the document;
>
> (2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and
>
> (3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

MCR 2.114(E) imposes a sanction for violations of this rule:

> If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

In addition to the sanctions in subparagraph E, MCR 2.114(F) provides that "a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2)." The latter rule states that costs shall be awarded under MCL 600.2591; MSA 27A.2591

---

interests, or generating burdensome satellite litigation. [1996 Ann Surv Am L 665, 666-668.]

if the court finds on the motion of a party that a claim or defense is frivolous. This statute's definition of "frivolous" parallels the provisions of MCR 2.114(D) (improper purpose, or no reasonable basis to believe the facts underlying the party's legal position, or legal position was devoid of arguable legal merit).[6] The statute further provides the following sanction for frivolous actions or defenses:

> (1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.
>
> (2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees. [MCL 600.2591(1); MSA 27A.2591(1).]

The trial court did not say if it awarded sanctions under MCR 2.114(E) or (F). As we said, the question—is a pro se party eligible for attorney fees under either of these rules—is one of first impression in Michigan.

Although our courts have not ruled on this precise issue, we have ruled in similar situations that pro se litigants are not entitled to attorney fees. This Court has already held that pro se parties, including attorneys representing themselves, may not obtain attorney fees under the Michigan Freedom of Information Act (FOIA),[7] *Laracey v Financial Institutions Bureau,*

---

[6] MCL 600.2591(3)(a); MSA 27A.2591(3)(a).

[7] MCL 15.234; MSA 4.1801(4).

163 Mich App 437, 442; 414 NW2d 909 (1987), or under the mediation rule,[8] *Watkins v Manchester*, 220 Mich App 337, 341-345; 559 NW2d 81 (1996). The *Watkins* holding was based in part upon *Kay v Ehrler*, 499 US 432; 111 S Ct 1435; 113 L Ed 2d 486 (1991), in which the United States Supreme Court held that an attorney who represented himself in a civil rights action was not entitled to an attorney fee award under the federal civil rights statute, 42 USC 1988. In *Kay*, the Court reasoned that the purpose of the attorney fee provision in the civil rights legislation was to encourage litigants to seek the assistance of counsel, and that this purpose would not be served if pro se litigants were eligible for attorney fees. *Id.*, 437. Relying on the reasoning in *Kay*, this Court in *Watkins* concluded that the purpose of the mediation sanction rule—to encourage settlement by imposing litigation costs on the party who rejected an appropriate mediation award—would be better served by encouraging parties to hire objective attorneys. *Watkins*, 344-345. This Court also stated that "to allow litigant-attorneys to recover compensation for time spent in their own behalf, while not extending such a rule to nonattorneys would most likely contribute to the widespread public perception that the courts exist primarily for the benefit of the legal profession." *Id.* This Court rejected the argument that attorney pro se litigants should be compensated for the resources that might otherwise have been used for productive business, noting that "[p]ro se litigants who are not attorneys also may suffer lost income or lost business

---

[8] MCR 2.403(O).

opportunities as the result of their time spent in litigation." *Watkins*, 345.

Although instructive, *Watkins* and *Kay* are not dispositive. The Courts in *Watkins* and *Kay* emphasized, respectively, that the mediation rule, and the attorney fee provision of the civil rights statute, were intended to encourage parties to seek legal counsel. We see no such purpose in MCR 2.114(E) or (F). Rather, the apparent objective of MCR 2.114(E) and (F) is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose. Clearly then, the question of sanctions to discourage frivolous litigation under MCR 2.114(E) and (F) is different from the questions and interests addressed in *Kay*, *supra*, and *Watkins*, *supra*.

This distinction was salient in *Prewitt v Alexander*, 173 FRD 438 (ND Miss, 1996). There, the pro se plaintiff filed a civil rights claim against the pro se defendants.[9] The court deemed this claim to be frivolous. The court noted that under *Kay*, *supra*, the defendants were not entitled to attorney fees under § 1988. However, the court held that the defendants were entitled to attorney fees under 28 USC 1927, which allowed sanctions against attorneys who "unreasonably and vexatiously" multiply proceedings, and under FR Civ P 11, the federal counterpart of

---

[9] The pro se parties in *Prewitt* were attorneys. However, like the *Watkins* Court, we make no distinction between attorney or nonattorney pro se litigants.

MCR 2.114(E).[10] The court explained why *Kay* was distinguishable:

> The policy grounds underlying the award of attorney's fees under Rule 11 (and 28 USC § 1927) are different from those underlying 42 USC § 1988. Fee shifting statutes such as 42 USC § 1988 are governed by such specific considerations as enabling victims of civil rights violations to secure legal representation and ensuring the effective prosecution of meritorious claims. . . . Providing fees to pro se litigants under 42 USC § 1988 serves as a disincentive to retaining independent counsel, who will likely be the most effective representative of the plaintiff. . . . *However, sanctions awarded under Rule 11 (and 28 USC § 1927) are essentially deterrent in nature, imposed in an effort to discourage dilatory tactics and the maintenance of untenable positions. . . . The purpose of the rule would therefore not be frustrated by awarding attorney's fees to pro se defendants.* [*Id.*, 440-441 (emphasis supplied; citations omitted).]

Additionally, at least two of our sister states have distinguished *Kay* and permitted attorney fees to pro se litigants as sanctions for frivolous claims. *Harkleroad v Stringer*, 231 Ga App 464, 468; 499 SE2d 379 (1998), and *Ziobron v Crawford*, 667 NE2d 202 (Ind App, 1996).

---

[10] Under FR Civ P 11, like under MCR 2.114(D), an attorney's or party's signature on a document constitutes a certificate that the signer has made a reasonable inquiry that the document is well grounded in fact and law, and is not interposed for an improper purpose. With regard to violations of this rule, Rule 11 provides that

> the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

We agree with the reasoning stated in *Prewitt*. There is no disharmony between the deterrent purpose of MCR 2.114 and attorney fees for pro se litigants. On the contrary, we might actually diminish the deterrent effect by limiting the sanctions for pro se litigants. As one court asked: "Why should the prosecutor of a frivolous [litigation] claim be let off the hook simply because the victim of the litigation represented himself? How is the purpose of deterrence less served by compelling the offending party to make payment to a pro se party?" *Harkleroad, supra* 468. Finding no policy reason against an attorney fee sanction for pro se litigants under MCR 2.114 or MCL 600.2591; MSA 27A.2591, we consider whether this sanction is authorized by the plain language of the court rule and statute.

> The interpretation of a court rule is subject to the same principles that govern statutory construction. All words and phrases are to be construed and understood according to the common and approved usage of the language. Reference to a dictionary is appropriate to ascertain the ordinary meaning of a word. [*Nelson v American Sterilizer Co (On Remand)*, 223 Mich App 485, 490-491; 566 NW2d 671 (1997).]

MCR 2.114(E) provides that sanctions may include "the amount of the reasonable expenses *incurred* because of the filing of the document, including reasonable attorney fees." Similarly, MCL 600.2591(2); MSA 27A.2591(2) provides that "costs and fees awarded under this section shall include all reasonable costs *actually incurred* by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees." To incur means "[t]o have liabilities cast upon one by act

or operation of law, as distinguished from contract, where the party acts affirmatively." Black's Law Dictionary (rev 4th ed). An attorney is "an agent or substitute, or one who is appointed and authorized to act in the place or stead of another." *Id.*

One who represents himself cannot be said to have had a liability cast on himself. A person cannot impose a liability for attorney fees on oneself. Thus, Koetje and s, b & p did not "incur" attorney fees, because they represented themselves. Similarly, the definition of "attorney" seems to preclude the possibility of incurring attorney fees unless someone is represented by a separate individual. Because an attorney is an agent or substitute who acts in the stead of another, a party acting in propria persona cannot truly be said to be an attorney for himself. It is thus impossible to incur attorney fees when one is not represented by an attorney, i.e., someone other than the actual party. See *Committe v Dennis Reimer Co, LPA,* 150 FRD 495 (D Vt, 1993) (no attorney fees for pro se litigants under FR Civ P 11 because pro se parties do not "incur" attorney fees within the meaning of the court rule).[11]

However, our analysis does not end here. MCR 2.114(E) says that if a document is signed in violation of the signature rule, "the court . . . shall impose upon the person who signed it . . . an *appropriate sanction, which may include* . . . the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." Therefore, MCR 2.114(E) does not restrict the sanction to expenses or costs incurred. Rather, it gives the

---

[11] The *Prewitt* Court apparently did not reach this issue.

trial court discretion to fashion another appropriate sanction. In contrast, MCL 600.2591; MSA 27A.2591, incorporated by reference in MCR 2.114(F), provides that the trial court "shall award to the prevailing party the costs and fees incurred," without giving the trial court discretion to fashion another appropriate sanction.

Because any sanction awarded under MCR 2.114(F) is restricted to the costs and fees as described in MCL 600.2591(2); MSA 27A.2591(2), we hold that attorney fee sanctions are not available under MCR 2.114(F). In contrast, MCR 2.114(E) grants the trial court discretion to fashion an "appropriate sanction," which may include, but is not limited to, an order to pay the opposing party the reasonable expenses incurred (including attorney fees).[12] Of course, the "appropriate sanction" may not include punitive damages under either subparagraph. MCR 2.114(E).

We therefore vacate those portions of the sanctions orders awarding attorney fees to in propria persona third-party defendants Koetje and S, B & P. Because the record does not indicate what amount of the sanctions awards constitute the reasonable attorney fees, we remand the case to the trial court to recalculate the sanctions awarded to Koetje and S, B & P after deducting the attorney fee awards. We also remand for findings regarding whether the trial court's sanctions were awarded under MCR 2.114(E) or (F). If the sanctions were awarded under subrule E, the trial court may fashion an "appropriate sanction" within

---

[12] Properly utilized, this discretion should deter attorneys and parties from filing frivolous documents without sacrificing zealous representation by the sanctioned party. FR Civ P 11, Advisory Notes.

the discretion afforded by that subrule. If, however, sanctions were awarded under subparagraph F, the trial court's sanction is limited to the terms of MCL 600.2591; MSA 27A.2591.

We vacate the sanction order to the extent that it awards attorney fees to pro se litigants. We remand for further consideration of sanctions in accordance with this opinion. We retain jurisdiction.

### C. DEFENDANT'S MOTION TO DISQUALIFY JUDGE

Defendant contends that the trial judge was biased because of his involvement with the prior arbitration and should have been disqualified. When we review a decision on a motion to disqualify a judge, we review the trial court's findings of fact for an abuse of discretion. *Cain v Dep't of Corrections*, 451 Mich 470, 503; 548 NW2d 210 (1996). However, we review de novo the applicability of facts to relevant law. *Id.*, 503, n 38.

In accordance with MCR 2.003(C)(3), the state court administrator assigned the disqualification motion to Barry Circuit Judge James H. Fisher. Judge Fisher concluded that defendant had presented no facts to establish that Judge Dennis C. Kolenda was biased or should be disqualified. We find no error in Judge Fisher's conclusion. Under MCR 2.003(B)(1), a judge may be disqualified on a showing of actual personal bias or prejudice. *Cain, supra,* 495; *In re Hamlet, supra,* 524. Disqualification is warranted only when "the bias or prejudice is both personal and extrajudicial." *Cain, supra,* 495. The party claiming bias "must overcome a heavy presumption of judicial impartiality." *In re Hamlet, supra,* 524.

Here, defendant has failed to overcome the heavy presumption of judicial impartiality. There is no

record evidence of actual personal bias or prejudice on the part of Judge Kolenda. Defendant's argument that Judge Kolenda failed to equitably distribute the assets in the prior corporate dissolution action merely indicates that defendant was unhappy with Judge Kolenda's resolution of the prior proceeding, but does not establish actual bias or prejudice. Assuming, *arguendo*, that the prior rulings were erroneous, this would not warrant disqualification. *Wayne Co Prosecutor v Parole Bd*, 210 Mich App 148, 155; 532 NW2d 899 (1995). Additionally, there is no record basis for believing that Judge Kolenda, either in the prior action or in the instant case, displayed "a deep-seated favoritism or antagonism that would make fair judgment impossible." *In re Hamlet, supra*, 505. Moreover, despite defendant's assertion to the contrary, there is no evidence that Judge Kolenda "has personal knowledge of disputed evidentiary facts concerning the proceeding," MCR 2.003(B)(2), other than matters learned in the course of the judicial proceedings. Judge Fisher properly denied the disqualification motion.

## CONCLUSION

We affirm summary judgment for plaintiff and for third-party defendants. We vacate the sanction order to the extent that it awards attorney fees to pro se litigants. We remand for further consideration of sanctions in accordance with this opinion. We retain jurisdiction.