MACK v CITY OF DETROIT (ON REMAND)

Docket No. 214448. Submitted November 21, 2002, at Detroit. Decided December 20, 2002, at 9:30 A.M.

Linda Mack brought an action in the Wayne Circuit Court against the city of Detroit, her employer, alleging, in part, violation of the provisions of the Detroit Charter that prohibit employment discrimination based on gender and sexual orientation. The defendant moved for summary disposition, arguing that the plaintiff had failed to state a cause of action in that the city charter did not create a private cause of action. The court, John A. Murphy, J., granted the motion. The Court of Appeals, HOOD, P.J., and CAVANAGH, J. (SAWYER, J., dissenting), reversed and remanded, holding that the plaintiff had a private cause of action for the violation of city charter provisions prohibiting the employment discrimination alleged. 243 Mich App 132 (2000). The Supreme Court, reversed and remanded for reconsideration by the Court of Appeals whether the trial court properly granted summary disposition for the defendant, holding that the city charter could not create a private cause of action without contravening governmental immunity law. 467 Mich 186 (2002).

On remand, the Court of Appeals *held*:

1. The city could not provide a cause of action for sex discrimination in its charter because the fully adequate remedies provided under the Civil Rights Act, MCL 37.2101 *et seq.*, are exclusive.

2. Because the plaintiff may yet be able to plead a cause of action against the city in avoidance of governmental immunity, the case must be remanded to the trial court to allow the plaintiff to amend her complaint.

Affirmed; remanded for further proceedings.

CIVIL RIGHTS — CIVIL RIGHTS ACT — SEX DISCRIMINATION — CITY CHARTERS.

A city, in its charter, may not create a private cause of action for sex discrimination against th city; the remedies provided by the Civil Rights Act are fully adequate and exclusive (MCL 37.2101 *et seq.*).

*Macuga & Liddle, P.C.* (by *Peter W. Macuga, II*, and *David R. Dubin*), for the plaintiff.

*City of Detroit Corporation Counsel* (by *Daryl Adams* and *Valeria A. Colbert-Osamuede,* Assistant Corporation Counsel), for the defendant.

ON REMAND

Before: HOOD, P.J., and SAWYER and CAVANAGH, JJ.

PER CURIAM. This case returns to this Court pursuant to the Supreme Court's remand to reconsider whether the trial court properly granted summary disposition to defendant regarding plaintiff's claim for sex discrimination based on a violation of the Detroit Charter. *Mack v Detroit,* 467 Mich 186, 212; 649 NW2d 47 (2002). We affirm the trial court's dismissal of plaintiff's sexual discrimination claim, but remand to allow for amendment of the complaint.

We shall dispense with a recitation of the facts because those were set forth both in our prior opinion, *Mack v Detroit,* 243 Mich App 132; 620 NW2d 670 (2000), and in the Supreme Court's opinion. *Mack, supra,* 467 Mich 190-193. A trial court's order regarding a motion for summary disposition under MCR 2.116(C)(8) is reviewed de novo. *Beaty v Hertzberg & Golden, PC,* 456 Mich 247, 253; 571 NW2d 716 (1997). A motion for summary disposition brought under this subrule tests the legal sufficiency of the complaint on the basis of the pleadings alone. *Beaudrie v Henderson,* 465 Mich 124, 129; 631 NW2d 308 (2001). "The purpose of such a motion is to determine whether the plaintiff has stated a claim upon which relief can be granted. The motion should be granted if no factual development could possibly justify recovery." *Id.* at 129-130.

The trial court granted summary disposition with regard to plaintiff's claim for sex discrimination based on a violation of the city charter on the ground of governmental immunity because running a police force is a governmental function, entitling the city to immunity under MCL 691.1407(1). The Supreme Court affirmed this ruling, stating that "[p]laintiff's claims . . . all involve decisions that are part and parcel of the department's discharge of governmental functions." *Mack, supra,* 467 Mich 204. We note that the Court's holding in this regard was not limited to plaintiff's claim for discrimination on the basis of sexual orientation. Consequently, plaintiff must plead a cause of action in avoidance of governmental immunity. *Id.* at 194-195.

The Court also held that "[a] plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a non-governmental or proprietary function." *Id.* at 204. The Court also stated that "a governmental agency is immune unless the Legislature has pulled back the veil of immunity and allowed suit by citizens against the government." *Id.* at 195. Furthermore, the city's authority to enact a charter is expressly limited by the constitution and state law. Const 1963, art 7, § 22; *Mack, supra* at 194. Thus, the city charter may not create a cause of action for sex discrimination that is not coextensive with the exceptions to governmental immunity created by the Legislature.

The Supreme Court also acknowledged that in *Pompey v Gen Motors Corp,* 385 Mich 537; 189 NW2d 243 (1971), it held that cumulative causes of action

for civil rights violations may be created with regard to private entities. *Mack, supra,* 467 Mich 193, n 5. However, it declined to extend the holding of *Pompey* to include claims against governmental entities. *Id.* The Court expressly stated that it was not addressing the validity of the city's attempt to provide a cause of action for sex discrimination, but remanded the case to this Court for reconsideration in light of its opinion. *Id.* at 203, n 20, 212. We conclude that the city could not provide a cause of action for sex discrimination in its charter because the remedy under the Civil Rights Act, MCL 37.2101 *et seq.,* is exclusive.

*Pompey, supra,* was decided under the now-repealed Fair Employment Practices Act (FEPA), MCL 423.301 *et seq.,* which prohibited race-based discrimination in private employment; however, the FEPA provided an aggrieved party with only administrative relief. See MCL 423.307(b); *Pompey, supra* at 550. The Court acknowledged the general rule that, when new rights or duties that did not exist at common law are created by statute, the remedy provided for enforcement of that right by the statute is exclusive. *Id.* at 552; see, also, *Driver v Hanley (After Remand),* 226 Mich App 558, 566; 575 NW2d 31 (1997). It also recognized that the rule presumptively applied because there was no preexisting, common-law remedy for employment discrimination. *Pompey, supra.* However, the Court noted that "the statutory remedy is not deemed exclusive if such remedy is plainly inadequate," and concluded that the plaintiff was not barred from bringing a civil suit to obtain full recovery for his damages. *Pompey, supra* at 552, n 14, 560. Thus, cumulative remedies were permissible under the FEPA because the act created new rights but itself

did not provide for a civil cause of action to enforce those rights. In fact, all the comparable statutes mentioned in the discussion in *Pompey* shared this deficiency. *Id.* at 553-557.

In contrast, the remedies provided under the current Civil Rights Act are fully adequate. The act establishes the right to file a civil cause of action to recover damages and obtain injunctive relief, in addition to the right to initiate administrative proceedings before the Civil Rights Commission. MCL 37.2801(1). Therefore, the justification for allowing cumulative remedies for civil rights violations found in *Pompey* no longer exists, and the general rule with regard to the exclusivity of statutory remedies applies. This conclusion is supported by the fact that the current Civil Rights Act "limits complaints to causes of action for violations of the act itself." *Mack, supra,* 467 Mich 196. Because a municipality has no authority to enact charter provisions contrary to law under Const 1963, art 7, § 22, we affirm the trial court's grant of summary disposition with regard to plaintiff's sex discrimination claim based on a violation of the city's charter.

However, the Supreme Court also ordered that plaintiff be allowed to amend her complaint because she may yet be able to plead a cause of action against the city in avoidance of governmental immunity. *Mack, supra,* 467 Mich 203, n 20. Accordingly, we remand this matter to the trial court to allow plaintiff to amend the complaint to include such claims.[1]

---

[1] The new claims relate back to the date of the original filing under MCR 2.118(D).

Affirmed, but remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.