683 N.W.2d 248 (2004)
261 Mich.App. 727
LOWELL R. FISHER, D.O., Plaintiff-Appellant,
v.
W.A. FOOTE MEMORIAL HOSPITAL, Defendant-Appellee.
Docket No. 244678.
Court of Appeals of Michigan.
Submitted April 15, 2004, at Lansing.
Decided May 4, 2004, at 9:25 am.
Released for Publication July 7, 2004.
Green, Green & Adams, P.C. (by Philip Green), Ann Arbor, for the plaintiff.
Kitch Drutchas Wagner DeNardis & Valitutti (by Susan Healy Zitterman and Karen B. Berkery), Detroit, for the defendant.
Before: BANDSTRA, P.J., and SAWYER and FITZGERALD, JJ.
PER CURIAM.
Plaintiff appeals as of right the order denying his motion for summary disposition and granting defendant's cross-motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff is a licensed osteopathic surgeon practicing at Doctors Hospital in Jackson County. Plaintiff applied for staff privileges with defendant W.A. Foote Memorial Hospital in Jackson County (the hospital), in its department of surgery. The hospital informed the plaintiff that he would have to seek a waiver of the hospital's requirement that a candidate have successfully completed a residency training program approved by the Accreditation *249 Council for Graduate Medical Education (ACGME), and be certified, or eligible to be certified, by the American Boards of Medical Specialties (more specifically, the American Board of Surgery).[1] Plaintiff's request for a waiver was denied by the hospital's board of trustees on December 20, 1995, on the basis that plaintiff's training and experience did not meet the hospital's criteria for granting staff privileges. The hospital's board of trustees found that plaintiff did not establish that his "training was reasonably equivalent to the ACGME-approved training," and it also stated that there were questions concerning the scope of plaintiff's general surgery training experience, especially in light of the fact that twelve months of training was spent in a thoracic surgery orientation.
Plaintiff reapplied for staff privileges in October 1996, but before a decision was made, plaintiff filed this action alleging that the hospital illegally discriminated against him on the basis of his status as an osteopathic physician and contrary to MCL 333.21513(e).[2]
Plaintiff moved for summary disposition under MCR 2.116(C)(10), and defendant filed a cross-motion for summary disposition. The trial court granted summary disposition in favor of defendant and dismissed plaintiff's claim on the ground that a hospital's staffing decisions were not subject to judicial review. The court further held that, even if the decision was subject to judicial review, plaintiff failed to establish that he was subjected to discriminatory treatment based on his status as an osteopath, in light of the evidence to the contrary that defendant regularly awarded staff privileges to osteopathic physicians.

I
Plaintiff's complaint contains only one claim, which is brought under MCL 333.21513(e)[3] of the Public Health Code.[4] Because the code does not expressly create a private cause of action, the claim is precluded if the code provides an adequate means of enforcing its provisions. See Mack v. Detroit, 254 Mich.App. 498, 501-502, 658 N.W.2d 492 (2002).[5] Here, a number of ways exists within the code to enforce the statute. MCL 333.20165(1)(b) provides for the limitation, suspension, or revocation of a health facility license, as well as an administrative fine on a hospital that violates a provision contained in the code. Further, MCL 333.20176 requires *250 the department of health to investigate a health facility upon written complaint of a person who believes that the facility violated the code. Also, MCL 333.20177 allows the director of the department of health to request that a prosecuting attorney or the Attorney General bring an action to restrain or enjoin actions in violation of the code. Finally, MCL 333.20199 makes violation of a provision of the code a misdemeanor punishable by a $1,000 fine for each occurrence or day that the violations continues. Clearly, the code contains adequate means of enforcing the provisions of MCL 333.21513(e). Thus, we affirm the trial court's decision to grant summary disposition in favor of defendants, albeit for different reasons. Wickings v. Arctic Enterprises, Inc., 244 Mich.App. 125, 150, 624 N.W.2d 197 (2000).

II
Because no cause of action exists, plaintiff's entire claim must fail and we need not address the remainder of the issues raised by plaintiff.
Affirmed.
NOTES
[1] The American Board of Medical Specialties is the allopathic (medical doctor) board and the American Osteopathic Association Specialty Board is the osteopathic board.
[2] MCL 333.21513 provides:

The owner, operator, and governing body of a hospital licensed under this article:
(e) Shall not discriminate ... in the selection and appointment of individuals to the physician staff of the hospital or its training programs on the basis of licensure or registration or professional education as doctors of medicine, osteopathic medicine and surgery, or podiatry.
[3] MCL 333.21513(e) provides:

[The owner, operator, and governing body of a hospital licensed under this article] shall not discriminate because of race, religion, color, national origin, age, or sex in the operation of the hospital including employment, patient admission and care, room assignment, and professional or nonprofessional selection and training programs, and shall not discriminate in the selection and appointment of individuals to the physician staff of the hospital or its training programs on the basis of licensure or registration or professional education as doctors of medicine, osteopathic medicine and surgery, or podiatry.
[4] Plaintiff did not bring a claim under the Civil Rights Act, MCL 37.2101 et seq.
[5] Although this issue was not raised below, we find it appropriate to consider this issue because consideration of the issue is necessary to a proper determination of the case. Steward v. Panek, 251 Mich.App. 546, 554, 652 N.W.2d 232 (2002).