*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIA CORPORATION,

      Plaintiff-Appellee,

UNPUBLISHED
April 30, 2020

v

PEACEWAYS,

      Defendant,

and

FREDERICK C. ROESTI,

      Defendant-Appellant.

No. 346591
Calhoun Circuit Court
LC No. 17-000014-CH

Before: BORRELLO, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

Defendant-appellant, Frederick C. Roesti, appeals as of right a November 1, 2018 order, which held that plaintiff-appellee, Tia Corporation, was entitled to sanctions under MCR 1.109(E)(6)[1] and ordered Roesti to pay Tia Corporation $250. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 1988, Peaceways, a nonprofit organization, became the owner of real property located

---

[1] Although the trial court held that it was granting sanctions under MCR 1.109(D)(6), it is clear from the record that the trial court intended to grant sanctions under MCR 1.109(E)(6).

in Calhoun County, Michigan.[2] At all relevant times, Father John Marie Vianney was the president of Peaceways, and Roesti was its secretary.

On October 2, 2014, Vianney transferred the property, by way of a quitclaim deed, from himself as "a single man," to Imre Vincent and Jason Vincent for $100. The deed was handwritten and was recorded. In an April 24, 2015 quitclaim deed, the property was transferred from Peaceways, by Vianney as its president, to the Vincents for $1. This deed, which was typed, was also recorded. On September 16, 2015, the Vincents conveyed the property to Tia Corporation by warranty deed for $40,000. According to Roesti, he did not know until March 2016 that Vianney had conveyed the property and that Tia Corporation possessed the property. In the months that followed, Roesti sent letters to Tia Corporation. In the letters, Roesti informed Tia Corporation that Vianney had not been authorized to transfer the property to the Vincents and that Roesti had "visited" the property.

On January 3, 2017, Tia Corporation filed a quiet title action against Peaceways and Roesti. Tia Corporation also filed a claim for injunctive relief, requesting that the trial court enjoin Roesti from trespassing on the property. On January 16, 2017, Tia Corporation served Peaceways with a summons and a copy of the complaint, through personal service on Vianney, who was Peaceways' resident agent at the time. After Peaceways failed to answer the complaint, the clerk entered a default against Peaceways, and Tia Corporation moved the trial court to enter a default judgment against Peaceways. Vianney was served with a copy of the default, a copy of the motion for entry of default judgment, and a copy of the notice of hearing. On March 13, 2017, the trial court entered a default judgment following a hearing and held that Tia Corporation held "sole fee simple title to the Property, free of any and all claims by Peaceways."

After the default judgment was entered, Roesti was served with a summons and a copy of the complaint. Roesti, who was licensed to practice law in California, answered the complaint on his own behalf. He alleged that Peaceways held full legal and equitable title to the property. With respect to the claim for injunctive relief, Roesti acknowledged that he had entered the property but alleged that the act was "privileged" because he was acting as an officer and director of Peaceways. A short period of time after Roesti filed an answer, Tia Corporation moved for summary disposition under MCR 2.116(C)(9) (failure to state a valid defense). In lieu of filing a response to the motion, Roesti moved the trial court to grant a 90-day adjournment. Roesti argued that it was necessary to adjourn the hearing because he intended to seek pro hac vice admission so as to file a motion to set aside the default judgment on behalf of Peaceways. Tia Corporation opposed the motion, arguing that Roesti's desire to seek pro hac vice admission in order to represent Peaceways was unrelated to the pending motion for summary disposition.

In a June 15, 2017 order, the trial court denied Roesti's motion and granted Tia Corporation's motion for summary disposition under MCR 2.116(C)(9). The order provided that it was a final order that resolved the last pending claims and closed the case.

---

[2] Although Peaceways was named as an appellant in the claim of appeal, Peaceways was later dismissed for lack of jurisdiction. See *Tia Corporation v Peaceways*, unpublished order of the Court of Appeals, entered February 14, 2019 (Docket No. 346591).

On August 28, 2017, Roesti filed a motion for admission pro hac vice, which Tia Corporation opposed. On September 18, 2017, the trial court held that Roesti was permitted to appear pro hac vice as counsel for Peaceways. Six months later, Roesti filed a motion on behalf of Peaceways to set aside the default judgment. Peaceways argued that the default judgment should be set aside because (1) Tia Corporation failed to effectuate service on Peaceways because it served the summons and a copy of the complaint on Vianney instead of Roesti, (2) Peaceways did not receive notice of the request for entry of the default judgment, (3) Peaceways had an "absolute defense" to the quiet title action given that Tia Corporation had violated MCL 750.535, and (4) Peaceways established the criteria set forth in MCR 2.612(C)(1)(c) and (f). An affidavit executed by Roesti accompanied the motion to set aside the default judgment. Tia Corporation opposed Peaceways' motion, arguing that it was untimely and lacked merit.

On April 30, 2018, the trial court held a hearing on Peaceways' motion to set aside the default judgment. After oral argument, the trial court denied Peaceways' motion, holding that the motion was not timely filed. The trial court further held that, even if the motion had been timely filed, Peaceways had failed to establish good cause or a meritorious defense. Thereafter, Peaceways filed a motion for reconsideration from this decision, which essentially reiterated the arguments contained in the original motion. Along with the motion, Peaceways filed a notice of hearing, which indicated that the motion for reconsideration would be heard on June 18, 2018. However, Peaceways later requested that the hearing be "removed" from the trial court's calendar.

On August 27, 2018, Peaceways moved the trial court to schedule oral argument on the motion for reconsideration. Peaceways also filed a motion for leave to file a counterclaim against Tia Corporation. The proposed counterclaim alleged that Tia Corporation was liable as a result of its violation of MCL 750.535. Tia Corporation opposed the motions, arguing that Peaceways had "unilaterally noticed" the motion for reconsideration for a hearing in violation of MCR 2.119(F)(2) and that, because Peaceways failed to establish palpable error, the trial court should "dispense" of the motion for reconsideration without hearing oral argument. Tia Corporation also argued that, because the trial court denied Peaceways' motion to set aside the default judgment, Peaceways was prohibited from attempting to "proceed with the action" by seeking leave to file a counterclaim against Tia Corporation. Tia Corporation also argued that Peaceways' motions were frivolous, and moved the trial court to sanction Peaceways and Roesti under MCR 1.109.[3]

On October 22, 2018, the trial court heard oral argument on the motions. Following oral argument, the trial court denied Peaceways' motions in a November 1, 2018 order. The trial court also denied Tia Corporation's request for sanctions against Peaceways, but the trial court granted Tia Corporation's request for sanctions against Roesti under MCR 1.109(E)(6). The trial court ordered Roesti to pay $250 to Tia Corporation's counsel. This appeal followed.

---

[3] Although Tia Corporation's pleading requested sanctions under MCR 1.109(D)(5) and (D)(6), it is clear that Tia Corporation intended to cite MCR 1.109(E)(5) and (E)(6).

## II. ANALYSIS

### A. JURISDICTION

On appeal, Roesti argues that it would be "manifest injustice to allow the quiet-title default judgment to stand when there is an absolute defense against it." However, this issue is not properly before this Court because it is outside of the scope of appeal from the November 1, 2018 order. The November 1, 2018 order from which Roesti appeals is "a post judgment order" granting attorney fees and costs. MCR 7.202(6)(a)(*iv*). Under MCR 7.203(A), the scope of the appeal from that order is "limited to the portion of the order with respect to which there is an appeal as of right," i.e., whether the trial court properly granted the motion for attorney fees and costs. Therefore, this Court lacks jurisdiction to consider whether the trial court abused its discretion by denying Peaceways' motion to set aside the default judgment.[4]

### B. SANCTIONS

Roesti argues on appeal that the trial court improperly ordered him to pay $250 in sanctions. We disagree.

"This Court reviews for clear error a trial court's decision regarding sanctions based on frivolous pleadings or claims." *Home Owners Ins Co v Andriacchi*, 320 Mich App 52, 75; 903 NW2d 197 (2017). "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 652; 662 NW2d 424 (2003). This Court reviews de novo whether a trial court properly interpreted and applied relevant court rules. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

The purpose of sanctions in the court rules "is to deter parties and attorneys from filing documents or asserting claims and defenses that have not been sufficiently investigated and researched or that are intended to serve an improper purpose." *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 722-723; 591 NW2d 676 (1998). As relevant to this appeal, MCR 1.109(E) provides, in relevant part, the following:

> (5) *Effect of Signature*. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> (a) he or she has read the document;
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by

---

[4] In a March 27, 2019 order, this Court held "[t]his appeal remains pending at this time only as to appellant Frederick C. Roesti and is limited to appeal of attorney fees and/or costs awarded as a sanction in the November 1, 2018 postjudgment order[.]" *Tia Corporation v Peaceways*, unpublished order of the Court of Appeals, entered March 27, 2019 (Docket No. 346591).

existing law or a good faith argument for the extension, modification, or reversal of existing law; and

(c) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(6) *Sanctions for Violation*. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

Accordingly, as relevant here, a trial court is required to impose sanctions if it finds that a document was not "well grounded in fact and [was not] warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." MCR 1.109(E)(5) and (6). See *Smitter v Thornapple Twp*, 494 Mich 121, 136; 833 NW2d 875 (2013) (the use of the word "shall" denotes mandatory action). See also *Home-Owners Ins Co*, 320 Mich App at 76 ("Sanctions are mandatory if a court determines that a document was signed in violation of [MCR 1.109(E)].").

When considering whether Peaceways' motion for reconsideration was "well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," it is first necessary to consider the merits of Peaceways' original motion to set aside the default judgment. With respect to Peaceways' argument that Tia Corporation failed to properly effectuate service, the issue of jurisdiction is, in part, tied to service of process. As our Supreme Court explained in *Lawrence M Clarke, Inc v Richco Constr Inc*, 489 Mich 265, 274; 803 NW2d 151 (2011):

A court cannot adjudicate an in personam controversy without first having obtained jurisdiction over the defendant by service of process. A court must obtain personal jurisdiction over a defendant in order to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances.

If jurisdiction was not established through proper service of process, a default judgment will be rendered void. See *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544; 260 NW 908 (1935).

In this case, Peaceways argued that Tia Corporation should have served the summons and a copy of the complaint on Roesti instead of Vianney. We disagree. Service of process on a domestic corporation may be made by "serving a summons and a copy of the complaint on an officer or the resident agent." MCR 2.105(D)(1). "The word 'or' is a disjunctive term that allows a choice between alternatives." *Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017). Thus, under MCR 2.105(D)(1), Tia Corporation could make service of process on Peaceways by serving a summons and a copy of the complaint on an officer or its resident agent. At the time of service, Vianney was Peaceways' resident agent, and there was no dispute in the

trial court that Vianney signed the acknowledgment of service in his capacity as Peaceways' resident agent. Thus, because service on Vianney was sufficient under MCR 2.105(D)(1), the trial court had jurisdiction over Peaceways when it entered the default judgment. Thus, Peaceways was not entitled to have the default judgment set aside on this ground.

Peaceways also asserted that the default judgment should be set aside because Roesti was not served with Tia Corporation's motion for entry of default judgment. We again disagree. As already discussed, Peaceways was properly served with process at the commencement of the case. Because Peaceways did not answer the complaint or otherwise appear, a default was entered on February 10, 2017. On February 16, 2017, Vianney—as Peaceways' resident agent—was served via first class mail with notice of entry of the default, Tia Corporation's motion for entry of a default judgment, and notice of the March 13, 2017 hearing. Because Tia Corporation complied with the mandates outlined in MCR 2.603(B)(1)(b) and (c), we conclude that Peaceways was properly notified of the default proceedings. Thus, Peaceways was not entitled to relief on this ground.

Peaceways also argued that it was entitled to relief under MCR 2.603(D) because it had an "absolute defense." MCR 2.603(D) provides, in pertinent part:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

> (2) Except as provided in MCR 2.612, if personal service was made on the party against whom the default was taken, the default, and default judgment if one has been entered, may be set aside only if the motion is filed

> (a) before entry of a default judgment, or

> (b) if a default judgment has been entered, within 21 days after the default judgment was entered.

We conclude that, even if Peaceways had a meritorious defense and good cause for failing to answer the complaint, Peaceways would not be entitled to relief under MCR 2.603(D)(1) because the motion to set aside the default judgment was not timely filed. The default judgment was entered on March 13, 2017, and the motion to set aside the default judgment was not filed until March 30, 2018, which was well beyond the 21-day limit in MCR 2.603(D)(2)(b).[5]

Furthermore, even if the motion had been timely filed, we would conclude that Peaceways failed to establish that it had a meritorious defense. According to Peaceways, it had a meritorious defense to the quiet title claim because Tia Corporation knew or had reason to know that the

---

[5] Roesti argues on appeal that he submitted a request for "equitable tolling" and that the trial court should have granted the motion. However, because Roesti does not provide any authority to support this argument, it is abandoned. See *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

property had been embezzled when it bought the property. Specifically, Peaceways claimed that, because the April 2015 quitclaim deed identified Peaceways as a nonprofit organization, and because Peaceways' "bylaws and rules" prohibited the conveyance, Tia Corporation should have known that the property had been embezzled. However, the only legal authority that Peaceways cited was MCL 750.535, which is a penal statute. Generally, where a statute contains criminal penalties for violations of its provisions, this Court has held that no private cause of action based on alleged violations of the statute will lie. See *Lane v KinderCare Learning Ctrs Inc*, 231 Mich App 689, 695-696; 588 NW2d 715 (1998). See also *Lowell R Fischer v WA Foote Memorial Hosp*, 261 Mich App 727, 730; 683 NW2d 248 (2005). Thus, there was no basis for Peaceways' assertion that a cause of action arose from the alleged violation of MCL 750.535. Furthermore, the mere fact that the April 2015 quitclaim deed stated that Peaceways was a nonprofit organization is not a fact that would lead an honest, ordinarily cautious man to make further inquiries into the April 2015 conveyance. See *Kastle v Clemons*, 330 Mich 28, 31; 46 NW2d 450 (1951). Indeed, there is nothing that would suggest to Tia Corporation that Vianney, as president of Peaceways, did not have authority to convey the property to the Vincents. Therefore, Peaceways was not entitled to have the default judgment set aside on this ground.

Peaceways also asserted that it was proper to set aside the default judgment because it established the criteria set forth in MCR 2.612(C)(1)(c) and (f). MCR 2.612 provides, in relevant part, the following:

**(C) Grounds for Relief From Judgment.**

(1) On the motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

* * *

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

* * *

(f) Any other reason justifying relief from the operation of the judgment.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, proceeding was entered or taken . . . .

Peaceways argued that Tia Corporation engaged in fraud in a variety of ways. However, because the motion to set aside the default judgment was filed more than one year after the default judgment was entered on March 13, 2017, the motion was not timely and relief could not be granted under MCR 2.612(C)(1)(c). See MCR 2.612(C)(2).

Peaceways also requested relief under MCR 2.612(C)(1)(f). This Court has stated that for relief to be granted under MCR 2.612(C)(1)(f), the following three requirements must be met:

> (1) the reason for setting aside the judgment must not fall under subsections a through e, (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside, and (3) extraordinary circumstances must exist that mandate setting aside the judgment in order to achieve justice. [*Heugel v Heugel*, 237 Mich App 471, 478-479; 603 NW2d 121 (1999).]

Peaceways did not specifically state what "other reason" justified relief from the default judgment, MCR 2.612(C)(1)(f), and it made no mention of the three requirements that must be met to obtain relief. Therefore, it failed to establish that relief should be granted under MCR 2.612(C)(1)(f). Furthermore, MCR 2.612(C)(2) requires that a motion for relief from judgment under MCR 2.612(C)(1)(f) be filed within a "reasonable time." We conclude that waiting more than 12 months after the default judgment was entered to file the motion to set aside the default judgment was not reasonable.

Finally, Peaceways alleged that it was entitled to relief under MCR 2.612(B). A defendant is entitled to relief from a default judgment under MCR 2.612(B) if, in relevant part, a defendant "had no knowledge of the action pending against" it. See *Richco Constr Inc*, 489 Mich at 273. As already stated above, Tia Corporation served Vianney with a summons and copy of the complaint, a copy of the default, the motion for entry of default judgment, and a copy of the default judgment. Thus, Peaceways had knowledge of the action and the default proceedings. Consequently, Peaceways was not entitled to relief under MCR 2.612(B).

In sum, Peaceways entirely failed to establish in its motion to set aside the default judgment that it was entitled to relief. Indeed, Peaceways' arguments that the trial court lacked jurisdiction, that Peaceways did not have notice, and that Peaceways had a meritorious defense were entirely without merit. Additionally, many of the arguments contained in Peaceways' motion were not asserted in a timely manner. Nonetheless, Peaceways—through Roesti—filed a motion for reconsideration following the denial of the motion to set aside the default judgment. The motion for reconsideration was essentially identical to the original motion. Generally, reconsideration is not warranted where the court is merely asked to revisit issues it ruled upon previously. *Traverse City Light and Power Bd v Home Ins Co*, 209 Mich App 112, 126-127; 530 NW2d 150 (1995). Given that the motion to set aside the default judgment was not "well grounded in fact and [was not] warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law" and because the motion for reconsideration merely recited the arguments contained in the original motion, we conclude that the trial court did not clearly err by finding that sanctions were warranted under MCR 1.109(E)(6).

With respect to Peaceways' motion for leave to file a counterclaim, "[a] counterclaim . . . must be filed with the answer or filed as an amendment in the manner provided by MCR 2.118." MCR 2.203(E). In this case, Peaceways did not answer the complaint, let alone file a counterclaim. Furthermore, it was not until after the trial court entered the default judgment against Peaceways and the case was closed that Peaceways moved the trial court for leave to file the counterclaim. Although Roesti argues on appeal that he only sought to file the counterclaim in the event the default judgment was set aside, this argument is not supported by the record given

that Roesti noticed the motion for leave to file a counterclaim for a hearing even though the default judgment was still in effect. As a result, Tia Corporation's attorney drafted a response to the motion and attended the hearing on the motion. Thus, Peaceways' motion for leave to file a counterclaim was not "well grounded in fact and [was not] warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." See MCR 1.109(E)(5).

In sum, we conclude that Peaceways' motion for leave to file a counterclaim and motion for reconsideration were not "well grounded in fact and [were not] warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." MCR 1.109(E)(5). Because Roesti signed the motions, the trial court did not clearly err in determining that sanctions were appropriate under MCR 1.109(E)(6).

Affirmed.

/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron